ELMER BUCHANAN, PLAINTIFF IN ERROR, V. J. T. MALLALIEU, DEFENDANT IN ERROR.

1. **Criminal Law:** REFORM SCHOOL. In a proceeding for the commitment of a juvenile offender to the reform school, under the law as it existed in the year 1886, the question of the age of the accused was one of fact, to be decided by the trial magistrate (under the provisions of section 6 of the act), and the judge of the district court to whom the transcript is sent. If decided against the accused, the question can be re-examined in appellate proceedings only, and not on *habeas corpus.*

2. —— : ——. In such case the certificate of the committing judge is conclusive as to the age of the person committed.

3. **All presumptions** are in favor of the regularity of the proceedings of the district court.

ERROR to the district court for Gage county. Tried below before APPELGET, J.

*A. Hardy,* for plaintiff in error.

*Pemberton & Bush,* for defendant in error.

REESE, CH. J.

This is a proceeding in error to the district court of Gage county. A petition for a writ of *habeas corpus* was filed in that court, in which Elmer Buchanan, by John C. Dolan, on his behalf, alleged that the said Elmer Buchanan was unlawfully deprived of his liberty by J. T. Mallalieu, superintendent of the State Industrial School for Juvenile Offenders. A writ of *habeas corpus* was issued to the defendant, and he returned thereto that, on the 25th day of May, 1886, Elmer Buchanan was placed in his custody, by virtue of an order of commitment, which is set out in full in the return.

A trial was had in the district court, which resulted in a finding that the said Elmer Buchanan was not unlawfully deprived of his liberty, and that the matters litigated in that case had been formerly litigated, and constituted a bar to this proceeding. A judgment was entered for his return to the State Industrial School for Juvenile Offenders. The cause is brought to this court by the petitioner by proceedings in error.

The first contention of plaintiff in error is, that the judgment and sentence by which he is deprived of his liberty are void, for want of jurisdiction of the court pronouncing them, the petitioner being more than sixteen years of age at that time, to-wit, seventeen years of age.

The law of this state as it was at the time of the commitment of Buchanan is found at page 484 of the Compiled Statutes of 1885. It is not necessary to discuss the whole act, and we will limit our inquiry to one or two sections, even at the risk of seeming to pass by, without noticing, some of the suggestions made in the brief and argument of counsel for plaintiff in error.

Section six is as follows: "When a boy or girl under the age of sixteen shall be convicted before a justice of the

peace, or other inferior court, of any crime, or being a disorderly person, it shall be the duty of the magistrate before whom he or she may be convicted to forthwith send such boy or girl, together with all papers filed in his office on the subject, under the control of some officer, to a judge of a court of record, who shall then issue an order to the parent or guardian of said boy or girl, or such person as may have him or her in charge, or with whom he or she has last resided, or one known to be nearly related to him or her, or if he or she be alone or friendless, then to such person as said judge may appoint to act as guardian for the purposes of the case, requiring him or her to appear at a time or [and] place stated in said order, to show cause why said boy or girl should not be committed to the reform school for reformation and instruction."

We also copy the eighth section of the act. It is as follows: "At the time and place mentioned in said order, or at the time and place to which it may be adjourned, if the parent or guardian to whom said order may be addressed shall appear, then in his or her presence, or if or she fail to appear, then in the presence of some suitable person whom the said judge shall appoint as guardian for the purposes of the case, it shall and may be lawful for the said judge to proceed to take the voluntary examination of said boy or girl, and to hear the statement of the party appearing for him or her, and such testimony in relation to the case as may be produced, and if upon such examination and hearing the said judge shall be satisfied that the boy or girl is a fit subject for the state reform school, he may commit him or her to said school by warrant."

The question of the age of the accused is then made one of fact for the decision of the convicting magistrate, and for the judge to whom the case is sent. It is the duty of the judge to ascertain whether or not the person brought before him is a fit subject for the reform school, and if he sees fit he may commit him or her to said school by

warrant.    This being true, there would be no more authority for inquiring into the age of the person convicted, on an application for a writ of habeas corpus, than into any other question of fact which could arise in the case, and become a proper subject of inquiry for the trial court, in the first instance, or the committing judge, in the second.

Again, it is provided by section 9 that the judge shall certify, in the warrant, the place in which the boy or girl resided at the time of his or her arrest, also his or her age, as near as it can be ascertained, and "such certificate, for the purpose of this act, shall be conclusive evidence of his or her residence or age."    The record contains the warrant or certificate of the district judge, which in all respects complied with the requirements of the act under consideration, and in which it is certified that the petitioner was under sixteen years of age, and a fit subject for the state reform school.    But it is contended that the petitioner had not been convicted of any crime, to the knowledge of the judge of the district court, and that no papers were sent to him by the police judge, and hence the judge of the district court did not acquire jurisdiction to issue the warrant.    The record in the proceeding shows that the order of the district court, committing the petitioner, was made on the 24th day of May, 1886, after a waiver of "an order to show cause" had been entered by his attorney.    It also appears, by the certificate and transcript of the docket of the police judge, that, on the 18th day of the same month, a complaint was filed before him, charging the said Elmer Buchanan with an act which was a crime under the ordinances of the city of Beatrice; that upon trial the accused was found guilty, and fined in the sum of $50; that on the 21st day of the same month the mother of the accused filed with the police judge an affidavit of her belief that the accused was under sixteen years of age, and on that day the police judge made the following certificate :

"STATE OF NEBRASKA, ⎱ ss.
    GAGE COUNTY.     ⎰

  " I, F. B. Sheldon, police judge in and for the city of
Beatrice, do hereby certify that Elmer Buchanan was, on
the 18th day of May, 1886, convicted on his plea of
guilty of the crime charged in the complaint hereto.
annexed, and was sentenced by me to pay a fine of $50
and costs, and committed to the Gage county jail for non-
payment; that the complaint and warrant hereto annexed,
and the affidavit of Jane Buchanan, filed May 21st, are
all the papers filed in said cause. Witness my hand
this 21st day of May, 1886.

                            " F. B. SHELDON,
              "*Police Judge of the City of Beatrice.*"

  This certificate corresponds, in all its parts, with the
certificate required by section 6, and was evidently pre-
pared for the purpose of its submission to the judge of the
district court, in accordance with the provisions of that
section. There is no doubt of the jurisdiction of the dis-
trict judge over the subject matter involved in the inquiry,
and all presumptions are in favor of the regularity of his
proceedings. While the record and papers certified by the
police judge do not bear the filing of the clerk of the dis-
trict court, we must presume that that record, or such
other proof as the law required, was before the court, and
that it acted upon proper and competent evidence.

  Again, it is insisted that by the failure of the judge to
issue an order to those interested in the accused to show
cause against his commitment, the district judge failed to
acquire jurisdiction. To this we cannot agree. As we
have said, we are satisfied that the district judge had be-
fore him all the papers certified by the police judge.
This included the affidavit of the mother of the petitioner.
He, himself, was present in court, represented by his
counsel. There was an appearance of all parties necessary
to be before the court to entitle it to make the order.

This being true, there was no necessity for the judge to appoint any one to act as the guardian of the petitioner in the matter then before the court. It is quite possible that the decision of the district court, that this proceeding was barred by a former proceeding of the same character, by which the petitioner sought his liberty, and which was decided against him in the former adjudication, was correct, and upon that question alone the decision of the district court might be affirmed, yet, in view of the record before us, we do not see proper to examine that part of the case. We believe the decision of the district court was correct, were it based alone upon the fact that the proceedings in the district court, upon which the warrant of commitment was issued, were sufficiently regular, and that the court had ample jurisdiction to make it. We believe, further, that the best interests of the petitioner require that he should remain where he is, until he arrives at the age of twenty-one years, or undergoes a radical change of mind as to his future course.

It appears that the father of the petitioner is deceased, and that W. W. Buchanan and Charles F. Buchanan, who are brothers of the petitioner, are the administrators of the estate; that there are six children, the most of whom have attained their majority; that the appraisers' estimate of the value of the estate at the time the administration was granted was over $50,000, and that the estate has not been divided, but has been kept intact, and is rapidly increasing in value. There is no suggestion that Elmer's interest in the estate is not being properly protected, nor that the administrators are, in any particular, falling short of their duty, except in a letter from Elmer to Dolan, which is found in the record. If there is any probability that the estate is not being properly administered, it is the duty of the county court to promptly cite the administrators to an accounting, and if the proof should show a failure on their part to properly discharge the duties assumed

by them, some other careful and discreet person, to whom no objection exists, should be appointed to succeed them. In the meantime Elmer's best interests can be subserved by receiving an education in the institution where he now is, and by that reformation which his letters and the testimony of others shows would greatly add to his comfort in future life.

Viewing the whole case, we are satisfied that the decision of the district court was correct, and that not only a due administration of the law but the best interests of Elmer Buchanan require that it should be affirmed, which is done.

JUDGMENT AFFIRMED.

THE other judges concur.