## In re Gus Langston.

Filed June 9, 1898. No. 9949.

1. **Municipal Corporations: Ordinances: Billiard Tables: License.** The legislature, by section 68*, article 2, chapter 13a, Compiled Statutes, has conferred power upon cities governed by the provisions of such chapter to enact an ordinance to license and prohibit the keeping of billiard and pool tables for hire or gain, and to provide for the imposing of a fine upon a conviction of a breach of such ordinance, and also imprisonment in the city jail in default of the payment of said fine.

2. **City Ordinances: Invalid Portions.** When a city ordinance contains valid and void provisions, the valid portion will be upheld if it is a complete law in itself, capable of enforcement, and is not dependent upon that which is invalid.

3. **Habeas Corpus: Review.** The writ of habeas corpus is not a corrective remedy, and is never allowed as a substitute for appeal or proceeding in error.

Error from the district court of Gage county. Tried below before Letton, J. *Affirmed.*

*Hardy & Wasson,* for petitioner.

*C. J. Smyth* and *F. N. Prout,* for the state.

Norval, J.

A complaint under oath was filed with the police judge in the city of Beatrice charging one Gus Langston with unlawfully and willfully keeping for hire on his premises in said city on February 16, 1898, certain billiard and pool tables, and permitting divers persons to play thereon for gain and reward, he, the said Gus Langston, not having a license to keep such billiard and pool tables, contrary to the ordinances of said city. Langston was arrested and tried upon said complaint, found guilty, and sentenced to pay a fine of $10 and the costs of prosecution, and that he stand committed to the city jail until the fine and costs were paid. In default of the payment of such fine and the costs Langston was committed to

jail, whereupon he applied to the district court for a writ of habeas corpus. A general demurrer was sustained by said court to the application, and the writ denied. The record has been removed into this court for review.

It is strenuously insisted that the complaint upon which the petitioner was arrested and convicted did not charge an offense, for the alleged reason it is not a crime, either under the statutes or the ordinance of the city of Beatrice, to keep for hire, within said city, billiard or pool tables. The legislature has made it a crime for the owner or keeper of any billiard table to allow the same to be used for the purposes of gambling or to permit a minor under the age of eighteen years to play thereon; but there is no statute in this state imposing a penalty for keeping a billiard table for the purpose of hire.

The question is presented whether the legislature has delegated the power to the authorities of cities of the class to which the city of Beatrice belongs to pass ordinances making it an offense to keep billiard tables for gain or hire. Section 68*, article 2, chapter 13a, Compiled Statutes, declares:

"In addition to the powers herein granted, cities governed under the provision of this act shall have power by ordinance:     *     *     *

"9. To raise revenue by levying and collecting a license tax on any occupation or business within the limits of the city, and regulate the same by ordinance.     *     *     *

"40. To regulate the police of the city, establish and support a night watch, and to impose fines, forfeitures, and penalties for the breach of any ordinance, and also for the recovery and collection of the same, and in default of payment, to provide for confinement in the city prison, or to hard labor in the city, upon streets or elsewhere, for the benefit of the city.

"41. To restrain, prohibit, and suppress unlicensed tippling shops, billiard tables, bowling alleys, houses of prostitution, opium joints, dens, and other disorderly houses and practices, games, and gambling houses, dese-

cration of the Sabbath day, commonly called Sunday,"
etc.

It is true the provisions quoted do not make it a penal
offense to keep a billiard or pool table for hire, but there
is no room for doubt that they confer power and au-
thority upon the cities governed by said provisions to
enact ordinances licensing billiard tables, and making
it a criminal offense to keep such tables for hire without
a license so to do. Manifestly such is the import of the
section of the statute under consideration. The lan-
guage is too plain to permit any other interpretation to
be placed thereon.

The mayor and council of the city of Beatrice, January
28, 1898, passed an ordinance, which provided, *inter alia*,
for the licensing and regulating of the keeping for hire,
gain, or reward, billiard, pool, or other game tables,
and fixed a penalty for a violation thereof. Section 1
of said ordinance provides that "it shall be unlawful for
any person or persons to keep or permit to be kept on
his, her, or their premises, or premises occupied by such
person of persons, within the limits of the city of Bea-
trice, for hire, gain, or reward, any ball alley, alleys,
bowling alley, or any billiard, pool or other ball table or
tables, without first having procured a license so to do
as hereinafter provided." Sections 2 and 3 provide the
manner of procuring the license and the amount that
shall be paid for the same, also fix the sum that shall
be paid by the licensee as an occupation tax. By section
4 it is provided that "any person or persons violating any
of the provisions of this ordinance shall, on conviction
thereof, be fined in any sum not less than $10 nor more
than $100 for each offense, and the costs of prosecution,
and shall stand committed to the jail of said city until
such fine and costs are paid." The foregoing ordinance
was duly approved and published, and ever since has
been in full force and effect. The petitioner was con-
victed and sentenced for violating the provisions thereof.
The ordinance, as we have seen, was enacted in pursu-

ance of power conferred by statute upon the authorities of the city of Beatrice, and it requires no argument to demonstrate that the ordinance prohibits the keeping for hire or gain, without a license, any billiard or pool table, and prescribes the penalty for violating any of its provisions.

It is urged that the portion of said ordinance is invalid which makes it a crime for one to conduct or carry on a business upon which there is imposed an occupation tax without first paying such tax and procuring a license. Whether the provision relating to the occupation tax is valid or void is not now important, inasmuch as the petitioner was not prosecuted for having failed to pay his occupation tax. Eliminate from the ordinance the clause or provision relating to such tax, and the remainder is a complete ordinance in itself, capable of being enforced, and is valid. (*Magneau v. City of Fremont*, 30 Neb. 843; *Bailey v. State*, 30 Neb. 855.) If, as contended by counsel for petitioner, said ordinance is void, then the ordinance of the city upon the same subject which was in force at the time of the adoption of the one we have had under consideration governs and controls. And by this prior ordinance it was made a crime for any person to keep for hire any billiard, pool, or other gaming table without a license so to do, and prescribed a fine for the violation of the provision of such ordinance. So that, in any view of the case, the complaint upon which Langston was convicted charges a criminal offense under an ordinance of the city of Beatrice. It appears from the averments of the petition for the writ that licenses were issued to petitioner by the authorities of said city under the provisions of said old or earlier ordinance, authorizing him to keep and operate four billiard tables and one pool table in said city until May 1, 1898, and that on January 20, 1898, these licenses were revoked by the mayor and city council. It is argued that the revocation was illegal and such an action did not make the subsequent carrying on of the business by petitioner a crime. Whether the mayor and

council acted within the scope of their authority, or exceeded their powers, cannot be determined in this proceeding. Langston had a license to keep and operate the billiard and pool tables, and whether the same had been lawfully revoked were questions to be decided by the police magistrate, and can be re-examined alone in an appropriate appellate proceeding. The complaint charged a crime; and in a proceeding for a writ of habeas corpus the court will not weigh the evidence to ascertain whether it was sufficient to sustain the conviction. (*Ex parte Fisher*, 6 Neb. 309; *Buchanan v. Mallalieu*, 25 Neb. 201; *In re Balcom*, 12 Neb. 316; *In re Betts*, 36 Neb. 282; *In re Havlik*, 45 Neb. 747; *State v. Leidigh*, 47 Neb. 126; *State v. Crinklaw*, 40 Neb. 759.) The judgment of the district court is

AFFIRMED.