### IN THE

# SUPREME COURT OF NEBRASKA.

### SEPTEMBER TERM, A. D. 1899.

---

PRESENT:

HON. T. O. C. HARRISON, CHIEF JUSTICE.
HON. T. L. NORVAL, } JUDGES.
HON. J. J. SULLIVAN, }

---

STATE OF NEBRASKA, EX REL. DAWSON COUNTY, V. FARM-
ERS & MERCHANTS IRRIGATION COMPANY.

FILED SEPTEMBER 21, 1899.   NO. 10,572.

1. Statutes: UNIFORMITY OF OPERATION: SPECIAL LEGISLATION. A law
which is general and uniform throughout the state, operating
alike upon all persons and localities of a class, or who are
brought within the relations and circumstances provided for,
is not objectionable as wanting uniformity of operation, or as
being in the nature of special legislation.

2. ———: ———: ———: IRRIGATION COMPANIES: CONSTITUTIONAL
LAW. Section 58, article 2, chapter 93a, Compiled Statutes, 1897,
which assumes to exempt irrigation companies from the opera-
tion of the general law requiring railroad corporations, canal
companies etc., to erect and maintain bridges and crossings on
the highways where their roads, canals or ditches cross such
highways, is special legislation, and, being in violation of the
constitution, is void.

3. ———: INVALID PORTIONS: IRRIGATION. Section 58, aforesaid, is not
so intimately connected with the remainder of the act as to be
incapable of separation from it.

5                              (1)

4. ———: ———. When a separable part of a statute is adjudged to be null, the remainder continues in force, unless the unconstitutional part was an inducement to the adoption of the measure.

ERROR from the district court of Dawson county. Tried below before H. M. SULLIVAN, J. *Reversed.*

*George C. Gillan* and *Warrington & Stewart,* for plaintiff in error.

*E. A. Cook, contra:*

Section 58, article 2, chapter 93a, Compiled Statutes, exempting irrigation companies from the operation of the general law requiring certain corporations to maintain crossings at public highways, is not unconstitutional as granting special privileges to respondent. The legislation is not special, but it applies alike to persons having lands subject to irrigation, and to which water may be supplied. Its provisions are co-extensive with the boundaries of the state. Where a law is general and uniform throughout the state, operating alike upon all persons and localities of a class, it is not objectionable as wanting in uniformity of operation. See *County of Lancaster v. Trimble,* 33 Nebr., 121; *State v. Berka,* 20 Nebr., 375; *State v. Graham,* 16 Nebr., 74; *State v. Robinson,* 35 Nebr., 403.

SULLIVAN, J.

This was an application by the plaintiff in error to the district court for a writ of mandamus to compel the Farmers & Merchants Irrigation Company to repair and maintain the bridges crossing its irrigation canals on the public roads in Dawson county. The relator bases its claim to the writ upon section 110, chapter 78, Compiled Statutes, 1897, which is as follows: "Any railroad corporation, canal company, mill owner, or any person or persons who now own, or may hereafter own or operate, any railroad, canal, or ditch that crosses any public or

private road shall make and keep in good repair good and sufficient crossings on all such roads, including all the grading, bridges, ditches, and culverts that may be necessary, within their right of way." The respondent contends that the section quoted, so far as it relates to irrigation companies, was impliedly repealed by chapter 69, Session Laws of 1895. Section 58 of this act provides that the owner of any system of irrigation shall construct suitable wagon bridges, of sound timber and not less than sixteen feet in width, across its ditches on the public roads, and that the county board of the proper county shall examine such bridges when completed, and, if found satisfactory, shall thereafter control and maintain them. See Compiled Statutes, 1897, ch. 93a, art. 2, sec. 58. The power of the legislature to enact section 58 is denied on the ground that it attempts to secure to irrigation companies immunity from burdens which, under similar conditions, rest upon all other persons, companies and corporations, and that it is, therefore, within the constitutional inhibition against special legislation. Counsel for respondent has endeavored, in an able argument, to vindicate the law by appealing to the principle of classification. It has been said, frequently, in the opinions of this court, that where a law is general and uniform throughout the state, operating alike upon all persons and localities of a class, it is not objectionable as wanting uniformity of operation, or as being in the nature of special legislation. See *State v. Graham*, 16 Nebr., 74; *State v. Berka*, 20 Nebr., 375; *County of Lancaster v. Trimble*, 33 Nebr., 121; *State v. Robinson*, 35 Nebr., 401; *Van Horn v. State*, 46 Nebr., 62. "To this general statement," it is said in *Livingston Loan & Building Ass'n v. Drummond*, 49 Nebr., 205, "it is perhaps necessary to add a qualification. The legislature may not arbitrarily and without any possible reason create a class to be affected by legislation where the result would be an infringement upon the constitutional prohibition."

The rule established by the authorities is that while

it is competent for the legislature to classify, the classification, to be valid, must rest on some reason of public policy, some substantial difference of situation or circum-- stances, that would naturally suggest the justice or expediency of diverse legislation with respect to the objects classified. See Cooley, Constitutional Limitations [5th ed.], 481.

In *State v. Sloane*, 49 N. J. Law, 356, the court, after remarking that the character of a law is to be determined from a consideration of its purpose and the objects upon which it is intended to operate, said: "If these objects are distinguished from others by characteristics evincing a peculiar relation to the legislative purpose, and showing the legislation to be reasonably appropriate to the former and inappropriate to the latter, the objects will be considered, as respects such legislation, to be a class by themselves, and legislation affecting such a class to be general. But if the characteristics used to distinguish the objects to which the legislation applies from others are not germane to the legislative purpose, or do not indicate some reasonable appropriateness in its application, or if objects with similar characteristics and like relation to the legislative purpose have been excluded from the operation of the law, then the classification would be incomplete and faulty, and the legislation not general, but local or special."

In *State v. Sheriff of Ramsey County*, 48 Minn., 236, a law declaring the emission of dense smoke in a city to be a nuisance, but exempting from its operation "manufacturing establishments using the entire product of combustion, and the heat, power, and light produced thereby, within the building wherein the same are generated, or within a radius of three hundred feet therefrom," was held unconstitutional, the court, through Vanderburgh, J., saying: "No arbitrary distinction between different kinds or classes of business can be sustained, the conditions being otherwise similar. The statute is leveled against the nuisance occasioned by dense smoke, and it

can make no practical difference in what business the owners or occupants of the buildings in which such smoke is produced are engaged, or whether the heat evolved from the combustion of the fuel producing such smoke is applied to the generation of steam or other useful purposes; or, further, whether steam power is used in manufacturing, or is applied to other uses as a grain elevator or hoisting apparatus in a warehouse."

In *Low v. Rees Printing Co.*, 41 Nebr., 127, the "Eight Hour Law" was held to be special legislation and in violation of the constitution, because, among other reasons, it excepted from its operation persons engaged in farm and domestic labor. One fatal infirmity of the statute was that it arbitrarily excluded from its benefits persons to whose condition, situation and circumstances it was entirely appropriate. "Such law," said the court in *Randolph v. Wood*, 49 N. J. Law, 88, "must embrace all and exclude none whose condition and wants render such legislation equally necessary or appropriate to them as a class."

Applying now to the case before us the test suggested by the authorities cited, it seems perfectly plain that section 58 of the irrigation act can not be sustained without disregarding entirely the constitutional interdict against special legislation. Prior to 1895 all owners of ditches crossing highways were charged by section 110 of the road law with the duty of keeping public bridges across their ditches in repair. The legislature, by section 58, assumed to exempt irrigation companies from this burden, while leaving all other ditch owners still subject to it. Upon what ground can this classification be justified? Why should these companies be put in a class by themselves and be given immunity from the burdens which all others, under similar conditions, are required to bear? Their ditches are not, by the section in question, segregated from other private ditches on account of any peculiar characteristics which they possess. The legislation is manifestly as appropriate to the class excluded as

to the class included; and the only reason we can discover for diverse legislation with respect to them is the arbitrary and insufficient one of ownership. The obvious purpose of the legislature in dealing with both classes was to secure to the public safe and substantial bridges across private ditches, and there was no more reason for exempting some proprietors from the expense of maintaining their bridges, because engaged in the business of irrigation, than there would be for exempting others who used their ditches to drain wet lands or to protect inclosures. Where the actual situation, both as to the character of the bridges and the occasion and necessity for their construction and maintenance, are precisely the same, legislation would seem to be palpably partial which subjects one class of proprietors to serious burdens from which another class is altogether exempt. Peculiarly pertinent in this connection are the remarks of Mitchell, J., in *Johnson v. St. Paul & D. R. Co.*, 43 Minn., 222. In an opinion holding that the Minnesota fellow-servant act, although general in its scope, is applicable only to employés who are exposed to the peculiar hazards incident to the operation of railroads, it is said: "If a distinction is to be made as to the liability of employers to their employés, it must be based on a difference in the nature of the employment, and not of the employers. One rule of liability cannot be established for railway companies, merely as such, and another rule for other employers under like circumstances and conditions." While we are not unmindful of the rule of construction which requires the judiciary to resolve all just doubts in favor of legislative acts, we feel constrained, both by reason and authority, to hold that section 58 of the irrigation law of 1895 (Session Laws, 1895, p. 265, ch. 69, sec. 58), being an attempt to confer a special privilege on a particular class, comes under the ban of the constitution, and is, therefore, null. The section is not so connected with the remainder of the act as to be incapable of separation from it. Neither can it be said that it constituted an induce-

ment to the adoption of the measure. The remainder of the law is, therefore, unaffected by this decision. See *State v. Moore*, 48 Nebr., 870; *State v. Stewart*, 52 Nebr., 243. The judgment of the district court denying the relator's application for a peremptory writ of mandamus is reversed.

REVERSED AND REMANDED.