JAMES H. DAILEY ESTATE, APPELLANT, V. CITY OF LINCOLN
ET AL., APPELLEES.

FILED NOVEMBER 17, 1921.    No. 21714.

1    Municipal Corporations: BUILDING PERMITS: ESTOPPEL. When application for a building permit is made under a building ordinance which requires that, before the erection of any building, the owner shall submit plans and specifications and obtain a building permit from the building inspector, and shall agree to build in accordance with the plans and specifications and with the spirit and letter of the building ordinance, and the ordinance further provides that the building inspector shall not grant a permit for the erection of any building until he has carefully inspected the plans and specifications and ascertained that such plans and specifications are in conformity with the building ordinance, and that the proposed building will be of sufficient strength, and the means of ingress and egress are sufficient, and

further provides that every permit issued by the building inspector shall be subject to revocation by the city council if the work done under such permit is not according to the terms of the application upon which it was issued, or is being prosecuted in violation of law or ordinance, *held*, that the applicant under such an ordinance could not, after having applied for, received and accepted from the building inspector a permit to build, plead that the provisions of the building ordinance under which he received a permit were illegal and void and not binding upon the applicant.

2. ———: BUILDING ORDINANCE: CONSTITUTIONALITY. The building ordinance pleaded by the appellant in its petition, and referred to in the opinion, examined, and *held* to be general and uniform in its provisions, and not granting arbitrary powers to the building inspector and city council, and is not, for that reason, unconstitutional.

3. Petition examined, and *held* not to state a cause of action, and that the demurrer was properly sustained.

APPEAL from the district court for Lancaster county: WILLIAM M. MORNING, JUDGE. *Affirmed.*

*D. J. Flaherty*, for appellant.

*C. Petrus Peterson* and *Charles R. Wilke*, contra.

Heard before MORRISSEY, C.J., ROSE and FLANSBURG, JJ., DICKSON and TROUP, District Judges.

DICKSON, District Judge.

This action was brought in the district court for Lancaster county by appellant, plaintiff below, against the appellees, the city of Lincoln, its mayor, commissioners, city engineer, and building inspector, defendants below, to restrain them from interfering with the completion of a building after the appellees had revoked the permit issued to appellant for its construction.

From the petition it appears that appellant was the owner of certain real estate situated within the fire limits of the city of Lincoln; that in August, 1919, appellant applied for a permit to construct a two-story, hollow tile building on said lots, and furnished therewith plans, drawings, and specifications, and structural detail draw-

ings, as required by the ordinance and building inspector of said city; that pursuant to said application, and on or about the 18th day of August, 1919, plaintiff was issued a building permit by the building inspector of the defendant city to build a building on the property owned by plaintiff, the material part of said building permit being as follows:

"Permission is hereby granted to Dailey Estate to erect a brick and concrete garage building on lots No. 15 and 16, block No. 30, addition—Kinney's, O street. This permit is granted on the express condition that said Dailey Estate in the erection of said building shall conform in all respects to the ordinances of the city of Lincoln regulating the construction of buildings, and may be revoked at any time upon the violation of any of the provisions of said ordinances."

That, in accordance with said building permit, the plaintiff proceeded to construct a building on said lots at a cost of $30,000, or more, and that said building was practically completed at the time of the commencement of this action; that the same is a two-story, reinforced concrete, skeleton building, with hollow tile walls. That nothing remained for the completion of said building except laying a small part of the tile floor, a part of the inside finishing of the doors and hanging some of the doors, and a small amount of work to be done in finishing the interior casings on part of the windows, and inserting the glass in a plate glass front, and the glass in other windows in said building; that on the 5th day of January, 1920, plaintiff herein was served with notice by the city commissioners of the city of Lincoln to show cause why said building permit should not be revoked for the alleged reason that plaintiff had not complied with a certain section of the building ordinance of the city of Lincoln; that pursuant to said notice plaintiff, by its president, appeared before said board of city commissioners and asked to be advised in what respect said building did not correspond with and violated any ordinance of the city of Lin-

coln; that the city engineer and building inspector were sworn, and stated that the plaintiff had violated a section of the building ordinance of the city of Lincoln in the construction of the west wall of said building less than twelve inches in thickness, and contrary to the plans and specifications filed with the application for the building permit; that plaintiff was denied the right to produce witnesses to show that it had not violated any valid ordinance or section of any ordinance of the city; that the city commissioners thereupon revoked and canceled said building permit, the alleged reason being that said plans and specifications filed with the application for building permit showed a twelve-inch wall of hollow tile on the west side, and, instead, an eight-inch wall had been constructed. Plaintiff admits the fact to be that its plans and specifications filed with its application for a building permit specify a twelve-inch wall of hollow tile, and that it constructed an eight-inch wall of hollow tile instead, but alleges that the agreement it was compelled to make, as a condition precedent for procuring a building permit under sections 2, 3, and 6, of ordinance No. 1124 of the city of Lincoln, to build in accordance with the plans and specifications and with the spirit and letter of the ordinance, when said plans and specifications incorporated a plan of construction not required by any law or valid ordinance of the city of Lincoln, is not binding on the plaintiff and is null and void.

Plaintiff alleges that there was passed, enacted and published an ordinance known as ordinance No. 1124 in said city (and hereinafter referred to as the building ordinance); said ordinance being entitled "An ordinance to regulate the construction, use, alteration, repair and removal of buildings." Many sections of this ordinance are set forth in plaintiff's petition, but only such parts thereof as are material to this controversy will be noticed. Section 1, in substance, provides that it shall be unlawful for any person, firm or corporation to construct, erect, repair, alter or add to any building or portion thereof, or

to carry on any building operation in the city of Lincoln, except in compliance with the provisions of this ordinance. Section 2 provides that before the erection, construction, alteration or reroofing of any building, or any part thereof, or the excavation of any cellar or lot is commenced within the corporate limits of the city of Lincoln, the owner or his architect or builder shall first obtain a written permit from the building inspector for such purpose. The applicant for each permit shall state the exact site to be occupied by any proposed building or structure, the intended use, the kind of material to be used, the dimensions and estimated cost thereof, the probable time to be consumed by the proposed work, the name of the owner, the architect and contractor or builder. Such statement shall also contain an agreement to the effect that the proposed building or structure shall be built in accordance with the plans and specifications and with the spirit and letter of this ordinance. It is provided by section 3 of this ordinance that the plans and specifications for the erection or alteration of any building, except one or two-family dwelling-houses, shall be presented for examination with the application for permit. Plans and specifications, also such structural detail drawings as the building inspector may require, for the construction or alteration of every building within the fire limits, shall be deposited in the office of the building inspector. By section 6 of the ordinance it is provided that the building inspector shall not grant a permit for the erection of any building until he has carefully inspected the plans and specifications thereof and ascertained that such plans and specifications are in conformity with the ordinances of the city of Lincoln, that the proposed building will be of sufficient strength, and the means of ingress and egress are sufficient. Section 8 of this ordinance provides that every permit issued by the building inspector shall be subject to revocation by the city council, should the building inspector find that the work being done under said permit is not according

to the terms of the application upon which the permit is issued, or is being prosecuted in violation of law or ordinance, and that it shall be his duty to notify the owner or owners to appear before the city council at some time stated, and show cause why said permit shall not be revoked, and until the time for such appearance all work shall cease. Should the parties notified fail to appear at the time stated, or should the city council after a hearing determine such action to be necessary, they may revoke said permit, and notice thereof in writing shall be immediately served on the owner, superintendent or contractor of the work and posted on the property. Section 80 of the ordinance provides:

"Inclosure walls of brick or plain concrete for skeleton buildings when supported by steel or reinforced concrete girders, shall be not less than twelve inches thick. When two such buildings adjoin, such brick or plain concrete inclosure walls shall be not less than eight inches thick for such sections where they adjoin."

It is further alleged by plaintiff in its petition that the provisions of the building ordinance providing that the building inspector shall not grant a permit for the erection of any building until he has carefully inspected the plans and specifications and ascertained that the proposed building will be of sufficient strength, and that the means of ingress and egress are sufficient, and that the provision of said ordinance requiring that every permit issued by the building inspector shall be subject to revocation by the city council, should the building inspector find the work being done under such permit is not according to the terms of the application upon which the permit is issued, and that the agreement it was compelled to make to build in accordance with the plans and specifications and with the spirit and letter of the ordinance, as a condition precedent to granting a building permit when said plans and specifications incorporated a plan of construction not required by any law or valid ordinance of the city, are all null and void and of no force and effect.

It is further alleged that the defendants have notified the plaintiff to construct a twelve-inch wall instead of an eight-inch wall on the west side, and threaten to arrest and cause to be arrested any of the officers, employees, agents and servants of the plaintiff who may attempt to complete the construction of said building; that the building was, at the time of the commencement of the action, in an incomplete condition, open and exposed to the weather and untenantable.

The plaintiff prays that the defendants, and each of them, their servants, agents and employees, be restrained and enjoined from in any way molesting or interfering with plaintiff in the completion of said building. That it be adjudged and decreed that the west wall is constructed in compliance with all valid provisions of the ordinance of the city of Lincoln, and that the defendants, and each and all of them, be restrained and enjoined from in any way interfering with any person who may occupy said building for any lawful purpose, and that upon the hearing hereof said injunction may be made permanent, and for such other and further relief as equity and good conscience require.

To this petition a demurrer was filed, the reasons assigned being that the petition does not state facts sufficient to constitute a cause of action against the defendants and in favor of the plaintiff. The demurrer was sustained, and, plaintiff electing to stand on the petition, the cause was dismissed and an appeal prosecuted to this court by the plaintiff.

From the record in this case it appears that the plaintiff made application for a permit to build a skeleton building, and submitted plans and specifications showing the west wall to be built of hollow tile twelve inches in thickness, but, instead, built it only eight inches thick; otherwise, the building seems to have been constructed in accordance with the plans and specifications submitted. Section 2 of the building ordinance provides that the applicant for a permit shall agree to build in accordance

with the plans and specifications and with the spirit and letter of the ordinance.

This case presents for consideration the question, Could the plaintiff, after having submitted plans and specifications for a twelve-inch wall, and having accepted the permit and agreed to build in accordance with the plans and specifications, built instead an eight-inch wall, and, by so doing, was the permit subject to revocation by the city commissioners? The defendants contend that the permit was asked and granted under section 80 of the building ordinance, which governs the building of such buildings as the permit was applied for, while the appellant insists that there was not in force any ordinance that governed the building of such a building, for the reason that section 80 provides for a brick or concrete wall twelve inches in thickness, and hollow tile is not mentioned and does not come within the provisions thereof, and that to obtain the permit he was compelled to agree to build a twelve-inch wall. Be that as it may, we think it is quite clear that, when application was made and the permit granted and accepted, the parties construed this section of the building ordinance to mean brick, cement or hollow tile, and that plaintiff's contention was an afterthought. It is the plaintiff's contention that that part of the building ordinance providing that the building inspector shall not grant a permit for the erection of any building until he has carefully inspected the plans and specifications and ascertained that the proposed building will be of sufficient strength, and that the means of ingress and egress are sufficient, and the provision that every permit issued by the building inspector shall be subject to revocation by the city council, should the building inspector find the work being done is not according to the terms of the application under which the permit was issued, and that the agreement to build in accordance with the plans and specifications and with the spirit and letter of the ordinance as a condition for granting the building permit, are all null and void and of

no force and effect.

We are of the opinion that the facts stated in the petition do not raise the legality, illegality or constitutionality of the complained-of provisions of this building ordinance. The plaintiff could not, after having applied for and accepted from the building inspector a permit to build a wall twelve inches thick, build one eight inches thick, and, when ordered to show cause why the permit granted should not be revoked or canceled, for that reason plead that the provisions of the building ordinance requiring him to agree to build in accordance with the plans and specifications were illegal and void and not binding upon him. Nor could the plaintiff, after having applied for, received and accepted from the building inspector a permit, question his authority to grant the same. Nor could it, after having agreed that if it did not build in accordance with the plans and specifications submitted its permit might be canceled by the council, question the council's authority to cancel its permit. By its conduct it is estopped from questioning the right of the building inspector to issue the permit granted on its application and the council's authority to revoke the same for not building in accordance with the plans and specifications. As between the plaintiff and defendant, the provisions of the sections complained of cannot be questioned by plaintiff. If the plaintiff desired to question the legality of this building ordinance, it should have done so before it applied for, received and accepted a permit thereunder. Or if the building inspector required plaintiff to submit plans and specifications for a building not required by the building ordinance, then was the time to question his authority. The record does not bear out the contention of the plaintiff that the building inspector required it to submit plans and specifications for a building not required by the building ordinance. The petition alleges that the plaintiff filed an application for a permit to construct a two-story, hollow tile building, and furnished therewith full and complete plans, drawings

and specifications as required by ordinance; that, in ac-
cordance wth said building permit, it constructed a two-
story, reinforced concrete skeleton building with hollow
tile walls. There is nothing in the petition that justifies
the plaintiff in charging that it was compelled to submit
plans and specifications for any kind of a building, much
less one not incorporated in the building ordinance. It
prepared its own plans and specifications and submitted
them for approval to the building inspector; it proposed
the plans and specifications for the kind of building it
desired to erect, and submitted them to the building in-
spector, who inspected them and found them to comply
with the building ordinance; he neither suggested nor
exacted any change; he accepted them as presented. The
plaintiff proposed and presented plans and specifications
for a skeleton building with a twelve-inch wall to meet
the requirements of section 80 of the building ordinance
as construed by it. This was the kind of building plain-
tiff proposed and agreed to build, and this was the kind
of building it did build, with the exception of the west
wall. Having construed section 80 to cover the proposed
building and to require a twelve-inch wall of hollow tile,
it is not for the plaintiff to now say that no such wall was
required, and to disregard the plans and specifications to
build in accordance therewith.

We might thus dispose of the constitutional question
presented and avoid passing on the constitutionality of
the building ordinance, but, after a careful examination
of the ordinance and the authorities, we have reached
the conclusion that the complained-of provisions of the
building ordinance do not vest arbitrary powers, as
averred by the plaintiff, in the building inspector and the
city council, and are not unconstitutional for that reason.
Section 1 of the ordinance provides that it shall be un-
lawful to build any building except in compliance with
the provisions of the building ordinance. Section 2 pro-
vides that, before the erection of a building is commenced,
a permit in writing must be obtained from the building

inspector, and that the applicant shall agree to build in accordance with the plans and specifications submitted and with the spirit and letter of the ordinance. Section 3 provides for the submission of plans and specifications at the time of making the application for a permit. Section 6 provides that the building inspector shall not grant a permit for the erection of any building until he has carefully inspected the plans and specifications thereof, and found that such are in conformity with the building ordinance, and that the building will be of sufficient strength and the means of ingress and egress sufficient. Section 8 provides that every permit issued by the building inspector shall be subject to revocation by the city council, if, after notice and hearing, the work is not being done under the permit according to the terms of the application or in violation of the ordinance. It will be noticed that the granting of the building permit is dependent upon other sections of the ordinance which contain a general and uniform regulation for the construction of buildings, and that no permit shall be granted until the building inspector has carefully inspected the plans and specifications and ascertained that they are in conformity with the ordinance, and that the building will be sufficiently strong and the means of ingress and egress are sufficient. The building ordinance prescribes general and uniform rules regulating the kind of buildings that may be erected, and vests authority in the building inspector to issue permits to those whose plans and specifications comply therewith. A building ordinance regulating the kind of buildings to be erected, and requiring the construction thereof according to the plans and specifications and with the spirit and letter of the ordinance, would be a nullity unless power was given to determine whether the proposed building was in conformity therewith and to require construction in conformity to the plans and specifications, and the power to cancel a permit if not so built. The city council might have reserved these rights to itself or might delegate the power, as in the instant

case, to the building inspector. The ordinance in question is distinctive from those involved in many of the cases cited by counsel for appellant. The courts are quite uniform in holding that building ordinances that do not prescribe a general or uniform rule for building, and vests the power to grant a permit in a building inspector, are unconstitutional as conferring arbitrary powers upon the person clothed with authority to grant a permit. Such an ordinance might subject the property owner to the arbitrary will of the inspector. The ordinance in question grants no such arbitrary power to the building inspector, and is easily distinguished from those cited in the many cases by counsel for appellant, and is not subject to the objections urged against it.

For the reasons before given, it follows that the judgment of the district court is right, and it is

AFFIRMED.