STATE OF NEBRASKA, APPELLEE, V. BEN SOMBERG,
APPELLANT.

FILED JULY 1, 1925.  No. 24543.

Constitutional Law: CITY ORDINANCES: POLICE POWER. "Ordinances
are made by virtue of the incidental powers of municipal cor-
porations, under the authority conferred by legislative enact-
ment, in the exercise of their legitimate police authority for the
preservation of the peace, good order, safety and health, of the
inhabitants of the corporation;" and "an ordinance prohibiting
persons from engaging in certain kinds of business on the first
day of the week, commonly called Sunday, is not void by reason
of such discrimination, the prohibited business not being of
public necessity." *Liberman v. State*, 26 Neb. 464.

APPEAL from the district court for Douglas county:
L. B. DAY, JUDGE. *Affirmed*.

*Edward R. Burke* and *Monsky, Katleman & Grodinsky*,
for appellant.

*Abel V. Shotwell, Dana B. Van Dusen* and *A. F. Brun-
gardt, contra*.

Heard before MORRISSEY, C. J., GOOD and THOMPSON, JJ.,
REDICK and SHEPHERD, District Judges.

SHEPHERD, District Judge.

The defendant was convicted and sentenced upon a com-
plaint charging him with unlawfully opening his store in
Omaha on Saturday and Sunday and selling and offering
for sale groceries, meats and the articles ordinarily sold
in grocery stores and meat markets, in violation of the
Sunday closing ordinance of that city. He brings the case
to this court, alleging in seven specific assignments what
may be summarized as follows: The court erred in finding
the defendant guilty of violation of ordinance No. 9805 of
the city of Omaha; the court erred in not holding said or-
dinance unconstitutional and void; the court erred in ex-
cluding the evidence offered that fruit stands and cigar
and tobacco stores are open seven days a week in Omaha,
although they sell articles handled by practically all grocery
stores.

The evidence was enough to sustain the court in finding that the defendant was opening his store, offering for sale, and selling on both Saturday and Sunday; also that he had there for sale and was offering for sale, not only meats, but articles which are ordinarily sold in grocery stores.

His two main contentions are that the ordinance is dependent upon section 9795, Comp. St. 1922, and that because it does not contain the exceptions of said statute it is absolutely void; and that by express terms and necessary operation it unlawfully delegates legislative power.

If it were true that said section 9795 confers the only authority that the city had to pass the ordinance in question, the argument of the defendant would be most persuasive. The pertinent part of the section referred to is as follows:

"If any person of the age of fourteen years or upward shall be found on the first day of the week, commonly called Sunday, at common labor (work of necessity and charity only excepted), he or she shall be fined in a sum not exceeding five dollars nor less than one dollar: Provided, * * * nothing herein contained in relation to common labor on said day of the week, commonly called Sunday, shall be construed to extend to those who conscientiously do observe the seventh day of the week as the Sabbath."

The pertinent part of the ordinance in question is under title, "An ordinance providing for the closing of all stores selling groceries and all meat markets on the first day of the week, commonly called Sunday, and providing a penalty for the violation of any of the provisions hereof," and reads in these words:

"It shall be unlawful for any person or persons within the corporate limits of the city of Omaha, on the first day of the week, commonly called Sunday, to open to the public, or to sell, or offer to sell, give away, or dispose of in any way, from any store or building where groceries are sold, any groceries or articles ordinarly sold from a grocery store, or to open any meat market, sell, offer to sell, or give away from such meat market, any meats or other

products ordinarily sold or handled in meat markets, and all such stores and meat markets shall be closed on said day: Provided, however, that nothing herein contained shall extend to those who conscientiously observe the seventh day of the week as the Sabbath, and in pursuance of such observation shall close and keep closed their store or meat market on the seventh day of the week, commonly known as Saturday."

The ordinance does not contain the exception of the statute, "work of necessity and charity only excepted." The statute came from Ohio, where it received judicial construction prior to the time that it was adopted in Nebraska; that construction being that an omission of the exception vitiates the ordinance because otherwise such ordinance would make the citizens guilty of a crime or misdemeanor not contemplated by statute, merely because he had labored, without regard to whether what he had done was a work of charity or necessity. In other words, the ordinance without the exception makes a crime out of whole cloth, and without warrant or authority of law. *City of Canton v. Nist,* 9 Ohio St. 439, in which the court declared a similar ordinance void, is perhaps the leading case upon the point.

True, if by adjudicated cases in Nebraska a construction, prior to that of Ohio, has been adopted in this state, we would not be bound by the doctrine of the *Nist* case. But we are not aware of any such decisions dealing with this particular statute. It has long been held in this state, where the legislature adopts the statute of another state which has theretofore been construed by courts of that state, it adopts the settled construction along with the statute. *Forrester & Co. v. Kearney Nat. Bank,* 49 Neb. 655; *Coffield v. State,* 44 Neb. 417.

Defendant takes the ground that his store-keeping, his opening and offering or his selling and disposing is common labor. With this we cannot agree. While some of the states have held that opening a store and conducting it is common labor, the decisions of our state tend to the contrary. In fact, from *In re Caldwell,* 82 Neb. 544, *State*

*v. Murray,* 104 Neb. 51, and the action taken by the legislature in section 9797, Comp. St. 1922, to make barbering common labor, we are convinced that Nebraska, in common with many of the jurisdictions, stands solidly upon the proposition that common labor is what is meant by the term according to its usual and popular acceptation, *i. e.,* labor which is not skilled by a period of apprenticeship, as the labor of a mechanic, or labor that is not skilled by reason of connection with trade or commerce, as the labor of a store-keeper.

We are, however, in full accord with the remainder of the argument upon this particular point. Granting that the ordinance is dependent for authority upon said section 9795, defendant would hardly be legally guilty in opening and selling, because so doing is innocent enough in itself, and the statute in question vests the city with no power to make him guilty on that ground.

But the state contends that the ordinance under consideration is valid, and should be sustained, under the police power section of the Omaha charter, agreeing with the defendant that the legislature has enacted no statute making it an offense to open and to sell on Sunday. This is the legislative enactment upon which the state asserts that the ordinance is based:

"To make and enforce all police regulations for the good government, general welfare, health, safety and security of the city and the citizens thereof, in addition to the police powers expressly granted herein, and in the exercise of the police power, may pass all needful and proper ordinances; and shall have power to impose fines, forfeitures, penalties, and imprisonment at hard labor for the violation of any ordinance, and to provide for the recovery, collection and enforcement thereof; and in default of payment to provide for the confinement in the city or county prison, workhouse or other place of confinement with or without hard labor as may be provided by ordinance." Comp. St. 1922, sec. 3489, subd. XXV.

The language is very broad. It gives power to the city

State v. Somberg.

to make police regulations for the good government, wel-
fare, health and safety of the citizens, and to pass all
proper ordinances to that end. Is not this an entirely law-
ful delegation of the state's power to the municipality,
sufficient in terms and in intent to empower the council to
say that the opening of such stores as groceries or meat
markets on Sunday is contrary to the general health and
welfare? We think it is.

"Ordinances are made by virtue of the incidental powers
of municipal corporations, under the authority conferred
by legislative enactment, in the exercise of their legitimate
police authority for the preservation of the peace, good
order, safety and health, of the inhabitants of the corpora-
tion.

"An ordinance prohibiting persons from engaging in cer-
tain kinds of business on the first day of the week, common-
ly called Sunday, is not void by reason of such discrimina-
tion, the prohibited business not being of public necessity."
*Liberman v. State*, 26 Neb. 464.

His second contention has been heretofore considered by
the court in the cases cited. It was considered in *Liberman
v. State, supra,* and with the holding in that case the court
is well content. The complaint is that under the ordinance
as it stands other store-keepers may make and change the
law which applies to the defendant. By the simple ex-
pedient of adding articles to their stock they may make the
business heretofore properly done by the defendant on Sun-
day illegal and criminal, whereby it is insisted that the city
practically delegates its power to determine what should
or should not be sold on Sunday to dealers and leave the
defendant subject to their whims and caprice. In the ul-
timate the objection is an objection as to classification and
failure on the part of the city to fix in its ordinance what
are the particular articles ordinarily sold in a grocery store,
etc. But, as stated, the subject is practically covered in
*Liberman v. State, supra,* and in *In re Caldwell*, 82 Neb.
544, Root, Commissioner, refers to the classification with
approval.

State v. Somberg.

The answer is that, after all, the classification, or "what is ordinarily sold in a grocery store," is so nearly certain that no difficulty should result in the operation of the law. If the grocery stores in Omaha should put in whetstones and hatchets, the fact that they did so would not make these articles such articles as are ordinarily sold in grocery stores.

The third assignment on the part of the defendant is without merit. What if the court had permitted him to prove by testimony that the fruit stands and cigar stores of the city, though open every day of the week, are in the habit of selling merchandise handled by practically all grocery stores? They ought not to be permitted to do so, and will not be permitted to do so upon complaint and apprehension. Because the drug store is permitted to be open for the purpose of selling medicines, it does not thereby acquire the right to sell soaps, perfumes and baseball bats. This subject, also, has been considered in the cases cited.

We find no reversible error in the proceedings of the district court, and its judgment is

AFFIRMED.