JACK WEBBER ET AL., APPELLEES, V. CITY OF SCOTTSBLUFF ET AL., APPELLANTS.

3 N. W. (2d) 635

FILED APRIL 24, 1942.   No. 31338.

*Lewis F. Shull, Chauncey C. Sheldon* and *Jack L. Raymond,* for appellants.

*Morrow & Miller, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and YEAGER, JJ.

YEAGER, J.

This is an action for permanent injunction and for a declaratory judgment by Jack Webber and Mayme Webber, plaintiffs and appellees, against the city of Scottsbluff, Albert T. Howard, James Hedge, C. I. Nycum, Straight Townsend and James H. Anderson, respectively mayor, chief of police, police magistrate, city attorney and assistant city attorney of the city of Scottsbluff, defendants and appellants. The action is to enjoin the enforcement of ordinance No. 497 of said city, and by judgment to declare the ordinance void and unenforceable. The injunction was issued by the district court for Scotts Bluff county in conformity with the prayer of the petition and the defendants have appealed.

The first section of the ordinance prohibits auction sales on the streets, alleys, highways and public grounds of the city of Scottsbluff. The second section prohibits auction sales within the city without first filing with the city clerk an inventory, obtaining a license and paying a license fee.

The third section provides that the inventory, sworn to, shall be filed with the city clerk not less than 15 days before commencing sale, and shall contain the name of the merchant, the place of sale, the name and address of the auctioneer, and show in detail the quality, quantity, kind and grade of the goods, wares, domestic animals and merchandise to be sold. The fourth section provides that it shall be unlawful to sell, offer, or expose for sale at any auction sale, or to list on the inventory, any goods, wares or merchandise which are not the regular stock of the store or place of business which is being closed out, or to make any replenishment or addition thereto for the purpose of such sale or during the time of sale, or to fail, neglect or refuse to keep accurate records from which the city clerk may ascertain the kind, quantity or number of goods sold. The fifth section provides that no goods shall be sold which are not included in the inventory, and that no goods shall be included in the inventory which are not owned by the licensee, also that the sale shall be held on successive days, Sundays and holidays excluded, and between 9 o'clock a. m. and 6 o'clock p. m., and at such sale there shall not be used by-bidders, commonly called "cappers," nor shall any person be permitted to make false or pretended bids, nor shall premiums, prizes or gifts of merchandise be offered as incentives to bidders, and that there shall be no additions to offered articles or groups of articles. The sixth section exacts a license fee of $5 a day payable in cash in advance to the city clerk for the entire period during which the auction is held. The seventh section exempts completely from the terms of the ordinance auction companies doing business within the city of Scottsbluff who sell at auction goods, wares, domestic animals and merchandise for the general public on commission. Section eight is the penalty provision and it provides for prosecution of violations as misdemeanors with minimum penalty of $5 and maximum of $100, and for revocation of license. The two remaining sections are of no importance here.

Coming now to the substance of the petition, the plaintiffs alleged that they were copartners engaged in the re-

tail furniture business in the city of Scottsbluff, and that on February 2, 1941, they advertised an auction sale which was to begin on February 3, 1941, at their place of business, which sale would continue from day to day, except on Saturdays and Sundays, until their merchandise had been sold. The hour for commencement of daily auctions was 7:30 p. m. This was without obtaining a license and without compliance with the other terms of the city ordinance referred to. Auction sales were held on February 3 and 4.

On February 5, 1941, a complaint was filed charging the plaintiff Jack Webber with a violation of the ordinance. A warrant was issued and he was arrested and brought before the police magistrate, and date for hearing was set for February 7, 1941. At or about the time of the arrest, Jack Webber was advised by the assistant city attorney that complaints would be filed for daily successive violations of the ordinance.

Plaintiffs alleged that the purpose of the city ordinance was to exact from them an illegal tax or fee for the privilege of selling merchandise, and that the ordinance is discriminatory and void and without authority of law, and in violation of the Fourteenth Amendment to the Federal Constitution and the rights guaranteed by the Constitution of the state of Nebraska.

The plaintiffs prayed for the issuance of an injunction and for a declaratory judgment decreeing that the ordinance is void and unconstitutional and for other equitable relief.

To the petition the defendants filed a general demurrer which was overruled. They then answered. In the answer the general demurrer was renewed. The answer denies the invalidity of the ordinance and the conclusions of the plaintiffs, but substantially admits the pertinent facts with reference to the contents of the ordinance, its enactment, the violation thereof by plaintiffs and the arrest of Jack Webber. The central facts which present the issue which must be determined in this case are admitted in the answer.

The plaintiffs demurred generally to the answer. This

demurrer was sustained and decree was entered in conformity with the prayer of the petition.

The issue here is the question of whether or not the ordinance, or some part of it, is void for unreasonableness apparent on its face, or on account of unreasonableness having been established by proper evidence which is clear and unequivocal, it being the rule that municipal corporations are *prima facie* the judges of the necessity and reasonableness of ordinances, and that a legal presumption exists in their favor unless the contrary appears on their face or unless unreasonableness is established by clear and unequivocal evidence. *Peterson v. State,* 79 Neb. 132, 112 N. W. 306; *State v. Withnell,* 91 Neb. 101, 135 N. W. 376; *Hawkins v. City of Red Cloud,* 123 Neb. 487, 243 N. W. 431; 2 McQuillin, Municipal Corporations (2d ed.) Revised, 887, sec. 768.

That the city of Scottsbluff had the power to enact an ordinance regulating auction sales is not questioned. This power is statutory. Comp. St. 1929, sec. 16-238. The question is not the lack of power to enact, but whether or not the enactment places arbitrary and unreasonable restrictions on the conduct of lawful business, whether or not it is class legislation, whether or not it is a prohibition instead of a regulation, whether or not it is in violation of the guaranties of the Constitution of Nebraska, and whether or not it is violative of the Fourteenth Amendment to the Federal Constitution which is in part as follows: "No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." U. S. Const. art. XIV, sec. 1.

To meet constitutional requirements, the ordinance must respond to the same tests as would be required of a statutory enactment. *Ernesti v. City of Grand Island,* 125 Neb. 688, 251 N. W. 899.

Preliminary to a discussion of these questions, we think that the action of plaintiff was properly brought. The stat-

utes make provision for such actions. Section 20-21,141, Comp. St. 1929, is as follows: "Any person interested under a deed, will, written contract or other writings constituting a contract, or whose rights, status or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status or other legal relations thereunder." See *Dailey Estate v. City of Lincoln,* 107 Neb. 151, 185 N. W. 332; *Hoyt Bros. v. City of Lincoln,* 130 Neb. 79, 263 N. W. 898.

The right to regulate auction sales is found in the police power, and the regulatory provisions of an ordinance under the police power must have some relation to the public health, safety or welfare. *Smiley v. MacDonald,* 42 Neb. 5, 60 N. W. 355; *In re Anderson,* 69 Neb. 686, 96 N. W. 149; *Union P. R. Co. v. State,* 88 Neb. 247, 129 N. W. 290; *State v. Withnell, supra; Hoyt Bros. v. City of Lincoln, supra; Carolene Products Co. v. Banning,* 131 Neb. 429, 268 N. W. 313; *Golden v. Bartholomew,* 140 Neb. 65, 299 N. W. 356; *Jay Burns Baking Co. v. Bryan,* 264 U. S. 504, 44 S. Ct. 412. If they do not bear such relation they are void as an invasion of the property rights of persons affected by their enforcement. *Hoyt Bros. v. City of Lincoln, supra; Carolene Products Co. v. Banning, supra; Jewel Tea Co. v. City of Geneva,* 137 Neb. 768, 291 N. W. 664; *Jay Burns Baking Co. v. Bryan, supra.*

The business of an auctioneer and of selling merchandise at auction is a lawful and useful business as has been declared by this court. *Caldwell v. City of Lincoln,* 19 Neb. 569, 27 N. W. 647. It is difficult, if not impossible, to find a basis for a conclusion that a 15-day notice to a city clerk before an auction sale, an inventory to the city clerk of all goods to be sold, containing the quality, quantity, kind and grade of the merchandise intended to be sold, a prohibition against addition to a regular stock of merchandise, a requirement by ordinance that accurate records shall be kept,

that sale shall be had on successive days, that there shall be no addition to articles offered for sale, or that sales shall not be conducted after 6 o'clock p. m., and not before 9 o'clock a. m., or any of these restrictions, have any relation to public health, safety or welfare. This difficulty is not lessened when we observe that *auction companies* doing business in Scottsbluff, Nebraska, who sell for the general public on commission are specifically exempted from each and all of the provisions of the ordinance, and upon them there are no restrictions or regulations whatever.

Assuming that these regulatory provisions do have some relation to public health, safety or welfare, it seems clear that they arbitrarily and unreasonably interfere with private business and impose unreasonable and unnecessary restrictions on auction sales and for that reason may not be upheld. *Caldwell v. City of Lincoln, supra; Ernesti v. City of Grand Island, supra; Jewel Tea Co. v. City of Geneva, supra; Jay Burns Baking Co. v. Bryan, supra.* In the sense of the approach by the city of Scottsbluff to auction sales, the ordinance here is in its essence in terms restrictive rather than regulatory. In this connection we are not unmindful of the rule already stated that municipal corporations are *prima facie* the judges respecting the necessity and reasonableness of their regulatory ordinances, but this rule cannot be carried to the extreme of requiring us to hold on the face of the ordinance that restrictions upon a lawful business having no inherent, generally recognized, or legislatively declared vices are regulations proper under the police power.

The ordinance applies, as has been pointed out, to all persons desiring to conduct auction sales, except *auction companies* selling for the general public on commission. It is contended by plaintiff that this is an arbitrary and unconstitutional discrimination and classification under the rule of law that, while it is competent for the legislature to classify, the classification, to be valid, must rest on some reason of public policy, some substantial difference of situation or circumstances, that would naturally suggest the justice or

expediency of diverse legislation with respect to the objects classified. *Ernesti v. City of Grand Island, supra;* Cooley, Constitutional Limitations (5th ed.) 481. See, also, *State v. Graham,* 16 Neb. 74, 19 N. W. 470; *State v. Berka,* 20 Neb. 375, 30 N. W. 267; *County of Lancaster v. Trimble,* 33 Neb. 121, 49 N. W. 938; *State v. Robinson,* 35 Neb. 401, 53 N. W. 213; *Van Horn v. State,* 46 Neb. 62, 64 N. W. 365; *Livingston Loan & Bldg. Ass'n v. Drummond,* 49 Neb. 200, 68 N. W. 375.

In the opinion in the case of *Ernesti v. City of Grand Island, supra,* it is stated: "Under the Constitution, persons in the same class, or who should be considered as included within the relations and circumstances provided for, must be governed by the same rules; otherwise the legislation is unconstitutional." Within the meaning of these rules, we are unable to find a reason why the restrictions of this ordinance should apply to persons situated as were the plaintiffs, and not be made applicable to an auction company which obviously could have come into the place of business of the plaintiffs and done exactly the same things that plaintiffs did without any restriction whatever.

We conclude, therefore, that the provisions of the ordinance in question to which attention has been directed are unreasonable and arbitrary, that they are, as applied to the business of selling at auction, restrictive rather than regulatory, and that the entire ordinance creates an arbitrary, illegal and unreasonable classification. The ordinance is, therefore, in its entirety unconstitutional and void.

The decree of the district court is

AFFIRMED.