JAMES S. ARRIGO ET AL., APPELLANTS, V. CITY OF LINCOLN, NEBRASKA, ET AL., APPELLEES.

48 N. W. 2d 643

Filed June 29, 1951. No. 33003.

*Charles W. Phillips,* for appellants.

*John E. Jacobson* and *C. Russell Mattson,* for appellees.

*R. A. Vestecka,* amicus curiae.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

BOSLAUGH, J.

This appeal concerns the validity of a Sunday closing ordinance of the city of Lincoln. A general demurrer of appellees to the petition of appellants was sustained, the case was dismissed, and a motion for new trial was denied. The appeal tests the correctness of the rulings and conclusion of the district court.

The substance of the petition is that: Appellants own and operate in the city of Lincoln grocery stores and markets known respectively as Jim Arrigo's Market, Midwest Fruit Company, Ranch Market, and Bob's Fruit Market. The city is a municipal corporation of Nebraska of the primary class and has a home rule charter. The individual appellees, except Beck, the Attorney General, are the mayor, councilmen, city attorney, director of public welfare, and chief of police of the city. The parts of the ordinance complained of are set out. The drug stores, fruit stores, cigar stores, bakeries, dairy stores, and ice cream parlors in the city stock and sell in competition with appellants articles and items of merchandise ordinarily handled and sold in grocery stores, and the sale thereof is not forbidden by the ordinance. The ordinance prohibits appellants from having their respective places of business open and from selling

any of the articles or items on Sunday. Their business activity is not unlawful in itself and the sale by and from their places of business of such items and articles is no more injurious to the health, comfort, and safety of the public, no more offends public morality, and no more disturbs the observance of Sunday than does the sale thereof by businesses exempted from or excepted by the ordinance. Two of the appellants and others similarly situated have been charged with violation of the ordinance. They have been advised by officers of the city that a multiplicity of prosecutions will be instituted against them for violations, and they will be caused great expense and irreparable loss and injury unless the validity of the ordinance is adjudicated and appellees are enjoined from attempting to enforce it. The ordinance is unreasonable, arbitrary, discriminatory, class legislation, and violates the federal and state constitutions. Appellants seek an adjudication of invalidity of the ordinance and an injunction prohibiting its attempted enforcement.

The parts of the ordinance pertinent to a consideration and disposition of the case are: "It shall be unlawful for any business house, bank, store, or any office to be open, or for any person, or persons, to be admitted thereto for general business on the first day of the week commonly called Sunday; and it shall be unlawful on said day to open any grocery store to the public, or to sell, offer to sell, give away, or dispose of in any way from any store, or building, where groceries are sold, any groceries or articles ordinarily sold in a grocery store, or to open any meat market, or to sell, offer to sell, give away, or dispose of in any way any meats or other products ordinarily sold or handled in meat markets, and all such stores and meat markets shall be closed on said day; provided, that nothing herein contained shall apply to drug stores, office of physicians, telegraph offices, express offices, photograph galleries, railroad offices, telephone offices, hotels, restaurants, cigar stores, eat-

ing houses, ice cream parlors, fruit stores that serve and sell, during the week, only refreshments, fresh fruits, bread and milk, places for the vending of ice, bread and milk, street cars, railway passenger trains, livery stables, automobile service stations and garages, all of which may be open for necessary purposes; but, nothing herein contained shall be construed to permit on Sunday any of the places herein excepted to sell, offer to sell, give away, or dispose of in any way any groceries or articles ordinarily sold from a grocery store, or any meat or other products ordinarily sold from and handled in meat markets, except fresh fruits, ice, bread and milk, * * * that works of necessity and charity are excepted from the operation of this ordinance; and * * * (it) shall (not) extend to those who conscientiously observe * * * and keep closed their * * * place of business on the seventh day of the week * * *." § 42-103, Lincoln Municipal Code of 1936. "Any person violating any of the provisions of the foregoing * * * shall on conviction thereof, be fined * * * not less than Twenty-five ($25.00) Dollars, nor more than One Hundred ($100.00) Dollars * * * and shall stand committed to the city jail until such fine and costs are paid." § 42-104, Lincoln Municipal Code of 1936.

A municipal corporation by virtue of its police power may legislate reasonably with respect to Sunday observance within its corporate limits, and such an ordinance is valid if it does not violate any constitutional guarantee or does not conflict with the general laws of the state. The prohibition of specified acts on Sunday is for the promotion of health, peace, and good order of society by requiring persons to have a periodical day of rest and is generally sustained on the ground that it is within the domain of the police power. Such a regulation is essentially civil and not religious. Stewart Motor Co. v. City of Omaha, 120 Neb. 776, 235 N. W. 332; State v. Somberg, 113 Neb. 761, 204 N. W. 788; Liberman v. State, 26 Neb. 464, 42 N. W. 419, 18 Am. S. R. 791; Ernesti

v. City of Grand Island, 125 Neb. 688, 251 N. W. 899; Levering v. Williams, 134 Md. 48, 106 A. 176, 4 A. L. R. 374; 50 Am. Jur., Sundays and Holidays, § 7, p. 805, § 10, p. 809.

An ordinance of the character of the one involved in this case must be based upon a classification which is not unreasonable or arbitrary. It cannot be class legislation. The demand of the organic law is that all similarly situated must be included and none may be excluded whose relationship to the subject matter cannot by reason be distinguished from that of those included. There is a legal presumption in favor of the reasonableness of a city ordinance unless the contrary inheres therein or is shown by evidence. It is competent for a city by ordinance to make a classification, but to be valid it must rest upon some reason of public policy, some substantial difference of situation or circumstances, that would naturally suggest the justice or expediency of diverse legislation with respect to the objects classified. A city ordinance to meet constitutional requirements must respond to the same tests as are required of statutory enactments. Webber v. City of Scottsbluff, 141 Neb. 363, 3 N. W. 2d 635. In State ex rel. Taylor v. Hall, 129 Neb. 669, 262 N. W. 835, it was determined that: "The legislature may make a reasonable classification of persons, corporations and property for purposes of legislation concerning them, but the classification must rest upon real differences in situation and circumstances surrounding the members of the class, relative to the subject of the legislation, which render appropriate its enactment; and to be valid the law must operate uniformly and alike upon every member of the class so designated." See, also, Steinacher v. Swanson, 131 Neb. 439, 268 N. W. 317.

The problem of immediate concern is whether or not persons engaged in activities which threaten to disturb the subject matter sought to be protected by the ordinance are unreasonably and arbitrarily conceded

rights and privileges withheld from and denied to appellants as the owners and operators of grocery stores and markets.

The ordinance prohibits any business activity or transaction on Sunday usual in the conduct and operation of grocery stores and meat markets "and all such (grocery) stores and meat markets shall be closed on said day." This is not true as to many businesses similarly situated. It expressly states that "nothing herein contained shall apply to" drug stores, restaurants, cigar stores, ice cream parlors, fruit stores, and places for vending of ice, bread, and milk, which may be operated on Sunday for necessary purposes "but, nothing herein contained shall be construed to permit on Sunday any of the places herein excepted to sell * * * any groceries or articles ordinarily sold from a grocery store, or any meat or other products ordinarily sold from and handled in meat markets, *except fresh fruits, ice, bread and milk, * * *."* (Emphasis ours.)

The effect and result of these provisions are that the places of business excepted from the ordinance may be open on Sunday and may transact with the public business "for necessary purposes," and any or all of them may on Sunday without restriction sell as they do on any other day "fresh fruits, ice, bread and milk." The privileges and rights conceded to them are denied to grocery stores and meat markets. The places of business exempted and grocery stores and meat markets are shown by the record in competition in areas conceded to the former and prohibited to the latter. The businesses favored by the ordinance affect the permissible subject matter of this legislation in very much, if not in identically, the same way as the business activities of appellants. The keeping open and operation of each requires like attention and efforts, and each furnish to the public in many instances similar or identical items of merchandise. Reason cannot explain how the health, peace, and good order of society is promoted by per-

mitting the sale on Sunday of articles and items usual to a cigar store "for necessary purposes" and by prohibiting the sale thereof on Sunday upon the same qualification by and in grocery stores. It is unreasonable and arbitrary to allow the unrestricted sale on Sunday by fruit stores and the other exempted places of "fresh fruits, ice, bread and milk" and to deny this privilege and right to grocery stores or meat markets. There is no reason that justifies the regulation of grocery stores and meat markets in this regard which does not apply in equal force to the businesses exempted from the ordinance. They are, within the showing made in this case, similarly situated with reference to the permissible subject matter sought to be dealt with by the ordinance. Legislation involving similar improper classification has been condemned by this court. Ernesti v. City of Grand Island, *supra,* considered an ordinance specifying the time when barber shops were authorized to open and required to close and prohibiting them from conducting business on Sundays and five designated holidays. It exempted from the provisions thereof beauty shops or hair dressing parlors patronized by women and children. The attack on the ordinance was based upon the contention that barber shops and beauty parlors were similarly situated, that the ordinance made an unlawful classification, and that it was unreasonable and arbitrary. In denying the validity of the ordinance, this court said: "Within the jurisdiction of each there is no constitutional difference between a discriminatory statute and a discriminatory ordinance. Under the Constitution, persons in the same class, or who should be considered as included within the relations and circumstances provided for, must be governed by the same rules; otherwise the legislation is unconstitutional." See, also, Webber v. City of Scottsbluff, *supra;* State ex rel. Dawson County v. Farmers & Merchants Irrigation Co., 59 Neb. 1, 80 N. W. 52.

The ordinance involved herein, section 42-103, Lincoln

Municipal Code of 1936, is invalid to the extent and in these respects: (a) That appellants are required to keep their respective places of business in Lincoln—grocery stores and markets—closed on Sunday; (b) that they are excluded from the proviso of the ordinance permitting businesses of a similar nature to be open on Sunday "for necessary purposes"; and (c) that they are barred from the unrestricted sale in their respective places of business on Sunday of fruits, ice, bread, and milk.

It is not contemplated that there shall be on Sunday business as usual. Places of business activity excepted by the proviso of the ordinance and appellants may have their places of business open on Sunday only "for necessary purposes" and for the sale of fresh fruits, ice, bread, and milk. Prior expressions of this court support this conclusion. It is said in Liberman v. State, *supra:* "We apprehend that the ordinance under consideration must be given a reasonable construction, and that while a druggist is allowed to keep his place of business open 'for necessary purposes,' he would not be allowed to engage in the sale of soaps, canes, combs, toilet boxes, and cigar holders, without being held to have violated the provisions of the ordinance. While a drug store may be kept open for necessary purposes, yet it is not provided that the proprietor may engage in indiscriminate trade on Sunday, but, evidently, that he may sell such medicines, and only such, as are necessary to relieve the actual necessities of the public on that day." To the same effect is State v. Somberg, *supra.*

Appellants contend that there has been continuous and intentional discrimination by the city and its officers in the enforcement of the ordinance against them and in favor of others engaged in similar business activities; and that this has not given them the equal protection of the law as required by federal and state constitutional mandate. The petition shows and the demurrer admits nothing more than intentional non-enforcement of the

ordinance against violators thereof. To establish arbitrary discrimination inimical to constitutional equality, there must be more than a showing that a law or ordinance has not been enforced against others as it is sought to be enforced against the person claiming discrimination. Mackay Telegraph Co. v. City of Little Rock, 250 U. S. 94, 63 L. Ed. 863, 39 S. Ct. 428. The failure to consistently enforce an ordinance does not destroy it. Abuse in its enforcement does not affect its validity. State v. Somberg, *supra*; Liberman v. State, *supra*; 62 C. J. S., Municipal Corporations, § 428, p. 823.

The partial invalidity of the ordinance, as previously set forth herein, does not necessarily make the remaining provisions of the ordinance ineffective. An ordinance may be void in part and valid in part, and the valid part may be given effect if what remains, after the invalid part is eliminated, contains the essential elements of a complete ordinance. In re Langston, 55 Neb. 310, 75 N. W. 828, determined that: "When a city ordinance contains valid and void provisons, the valid portion will be upheld if it is a complete law in itself, capable of enforcement, and is not dependent upon that which is invalid." See, also, Zimmerer v. Stuart, 88 Neb. 530, 130 N. W. 300; State v. Wiggenjost, 130 Neb. 450, 265 N. W. 422. It is not reasonable to conclude that the objectionable parts of the ordinance stated herein formed inducement for the passage of the ordinance by the mayor and council of the city. With these provisions eliminated from it, the remainder thereof contains the essential elements of a complete ordinance.

The judgment should be, and is reversed and the cause is remanded for further proceedings consistent with this opinion.

REVERSED AND REMANDED.