Argued September 7, reversed September 14, 1915.

## STATE *v.* NICHOLLS.

(151 Pac. 473.)

**Indictment and Information—Complaint—Demurrer.**

1. As a statute not in conformity with the Constitution must be disregarded, a demurrer to a criminal complaint charging a violation of a statute raises the question whether the statute itself is valid.

**Constitutional Law—Sunday—Due Process—Police Power.**

2. Under the police power, whereby the state may provide for the public health, peace, welfare and safety, the legislature may prohibit the carrying on of particular occupations on Sunday, without violating Const. U. S. Amend. 14, prohibiting the deprivation of life, liberty or property without due process of law.

**Constitutional Law—Equal Protection of Law—Class Legislation.**

3. Section 2125, L. O. L., prohibiting any person from keeping open any store, shop, grocery, bowling alley, billiard-room or tippling-house for the purpose of labor or traffic, or any place of amusement

on Sunday, but exempting theaters, drug-stores, doctor-ships, under-takers, butchers, bakers and livery-stable keepers is not void under Article I, Section 20, of the Constitution, declaring that no law shall be passed, granting any citizen privileges or immunities, which shall not equally belong to all citizens, and Const. U. S. Amend. 14, declaring that no state shall deny to any person equal protection of the law; the classification of occupations being a reasonable one.

[As to constitutionality of Sunday laws, see note in 79 **Am. Rep.** 264.]

From Lane: .ROBERT G. MORROW, Judge.

Department 1.    Statement by MR. JUSTICE BURNETT.

Leigh E. Nicholls was convicted of violating the Sunday law in Justice's Court, and he appealed to the Circuit Court, where a demurrer to the complaint was sustained.

This case is founded upon a complaint which charges:

"That the above-named Leigh E. Nicholls defendant, on the 18th day of October, A. D. 1914, in the county of Lane, State of Oregon, then and there being, did then and there wrongfully and unlawfully keep open for traffic a store then and there known as the Club Cigar Store, by then and there selling and disposing of, for money, cigars, tobacco, and candy to one D. A. Elkins; said 18th day of October, 1914, then and there being the first day of the week, commonly called Sunday, or the Lord's Day, and said Club Cigar Store then and there not being exempt from the provisions of Section 2125 of Lord's Oregon Laws—contrary to the statutes in such case made and provided and against .the peace and dignity of the State of Oregon."

Despite his motion to dismiss and his demurrer to the complaint, the defendant was convicted in the Justice's Court, where the cause originated, and appealed to the Circuit Court. The demurrer to the complaint was sustained by the latter tribunal, and the state appeals.        REVERSED.

For the State there was a brief over the names of *Mr. Joseph M. Devers,* District Attorney, and *Mr. J. F. Brumbaugh,* with an oral argument by *Mr. Devers.*

For respondent there was a brief over the name of *Messrs. Foster & Hamilton,* with an oral argument by *Mr. R. S. Hamilton.*

MR. JUSTICE BURNETT delivered the opinion of the court.

1. The prosecution urges that the question which the defendant makes about the constitutionality of the act is not raised by the demurrer. With this contention we cannot agree. To sustain a conviction, the allegations accusing one of crime must impute to the defendant some act in contravention of a public law forbidding the same, and although there may be an enactment of the legislative power which upon its face prohibits the transaction in question, yet if the statute does not conform to the Constitution the former must be disregarded, leaving the criminal accusation without substantial foundation. Hence it is that a demurrer to a criminal complaint will bring before the court for consideration whether or not the acts charged, although within a legislative enactment defining a crime, are yet insufficient for the reason that the legislation itself is void.

2, 3. The complaint is framed to meet the terms of Section 2125, L. O. L., reading thus:

"If any person shall keep open any store, shop, grocery, bowling-alley, billiard-room, or tippling-house, for the purpose of labor or traffic, or any place of amusement, on the first day of the week, commonly called 'Sunday' or the 'Lord's Day,' such person upon conviction thereof, shall be punished by a fine not less

77 Or.—27

than $5.00 nor more than $50: Provided, however, that the above provisions shall not apply to theaters, the keepers of drug-stores, doctor-shops, undertakers, livery-stable keepers, butchers, and bakers; and all circumstances of necessity and mercy may be pleaded in defense, which shall be treated as questions of fact for the jury to determine when the offense is tried by jury."

The defendant maintains under his demurrer that this legislation is violative of Section 20 of Article I of the state Constitution, which declares that:

"No law shall be passed granting to any citizen or class of citizens, privileges or immunities which, upon the same terms, shall not equally belong to all citizens."

He also contends that it is not in harmony with Section 1 of Article XIV of the national Constitution, which says:

"No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law, nor deny to any person within its jurisdiction the equal protection of the laws."

It is by virtue of that potent and flexible authority known as the police power that the legislative branch of the state government assumes to control citizens in the transaction of their daily affairs. It finds its sanction in the right of the state to provide for the public health, peace, welfare and safety. The only restriction which affects the question is that the legislation must have some reasonable relation to those elements of public concern and must be uniform in its operation upon all persons similarly situated. The principle rendering it lawful to forbid the pursuit of

an occupation on Sunday is settled in this state by the case of *Ex parte Northrup,* 41 Or. 489 (69 Pac. 445), where this court sustained the statute making it a misdemeanor to carry on the business of barbering on that day. The underlying reason for the rule is the propriety of providing a day of rest and relaxation for those who are engaged in certain employments.

Granted the postulate that it is within the scope of the police power to suspend activity in certain vocations on Sunday, it remains to consider whether the classification set out in the statute under consideration is a reasonble one. The defendant's attack upon the statute is based upon the proviso exempting theaters, the keepers of drug-stores, doctor-shops, undertakers, livery-stable keepers, butchers and bakers. The essence of his contention is that this amounts to an unreasonable discrimination, so that the law does not affect alike all persons similarly situated. Bearing in mind that we must respect the determinations of the legislative branch of the government, and uphold them as harmonious with the Constitution, if possible, it is our duty to so construe this statute that it may be efficacious, unless it is plainly hostile to the fundamental law.

The general rule laid down by the enactment forbids keeping open any store, shop, grocery, bowling-alley, billiard-room or tippling-house for the purpose of labor or traffic. An exception is found in the proviso excluding the occupations already named. A good reason for this may be found in the fact that drug-stores, doctor-shops, undertakers, butchers, bakers, and livery-stable keepers minister to wants that are more imperative as a rule than those supplied by the general run of business in the occupations named, while theaters afford mental diversion conducive to rest and

relaxation. The emergency involved gives color and sanction to the exception. The law applies to all persons coming within the class described and limited in the statute. Many situations are pointed out in the argument of the defendant illustrating possible absurdities. For instance, a carpenter-shop may be closed, but the carpenters themselves might be working on the outside, or the store of the defendant, where cigars and candy are sold, might be closed, yet the same articles might be purchased in a drug-store. These contentions are properly addressed to the legislative branch of the government. We are concerned only with the authority, and not with the wisdom, of the lawmakers. The question of whether an institution which vends both drugs and candy is a drug-store or a candy-shop is not before us. We are convinced that the classification set out in the statute is reasonable, and that the legislation is a proper exercise of the police power.

The Circuit Court erred in sustaining the demurrer, on account of which its judgment is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE McBRIDE and MR. JUSTICE BENSON concur.