STEWART MOTOR COMPANY, APPELLANT, v. CITY OF OMAHA ET AL., APPELLEES.

FILED MARCH 6, 1931. No. 27801.

*Swarr, May & Royce,* for appellant.

*John F. Moriarty, Thomas J. O'Brien* and *Johnson, Rine & Marshall, contra.*

*Fradenberg, Stalmaster & Beber, Oscar T. Doerr* and *Philip M. Klutznick, amici curiæ.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, EBERLY, DAY and PAINE, JJ.

GOSS, C. J.

This suit involves the validity of ordinance No. 13638 of the city of Omaha. The first section of the ordinance makes it unlawful for any person, firm or corporation, or their agents or employees, to sell, barter, or exchange any motor vehicle, whether new or second hand, on Sunday; the second section prohibits the keeping open on Sunday of any place of business by such parties for such purposes; and the third section makes the violation a misdemeanor and provides penalties of $50 to $100 or imprisonment for not more than 10 days.

The cause arose on injunction below. The decree held the ordinance valid and constitutional. It is presented here on a case stated, under our printed rule No. 9, paragraph c, which allows any case so submitted to be advanced for hearing, if both parties desire. Appellant attacks the ordinance as class legislation, as discriminatory, and as contrary to the Fourteenth Amendment to the Constitution of the United States and to article I of the state Constitution.

Omaha is a city of the metropolitan class. The legislature delegated to such a city the power by ordinance, "To make and enforce all police regulations for the good government, general welfare, health, safety, and security of the city and the citizens thereof, in addition to the police powers expressly granted herein, and in the exercise of the police power, may pass all needful and proper ordinances; and shall have power to impose fines, forfeitures, penalties, and imprisonment at hard labor for the violation of any ordinance; and to provide for the recovery, collection and enforcement thereof; and in default of payment to provide for the confinement in the city or county prison, workhouse or other place of confinement with or

without hard labor as may be provided by ordinance." Comp. St. 1929, sec. 14-102, subd. XXV.

In *Liberman v. State,* 26 Neb. 464, the defendant was convicted of keeping his dry goods and notion store open on Sunday in violation of a Lincoln city ordinance exempting certain kinds of business, said by defendant to be competitive. This court said: "An ordinance prohibiting persons from engaging in certain kinds of business on the first day of the week, commonly called Sunday, is not void by reason of such discrimination; the prohibited business not being of public necessity."

In *State v. Somberg,* 113 Neb. 761, the defendant was convicted of keeping his store open on Sunday and of selling groceries and meats and articles usually sold in grocery stores and meat markets, contrary to an Omaha ordinance prohibiting such stores to be open and such goods to be sold on Sunday. Under the authority of *Liberman v. State, supra,* we held that the ordinance was not discriminatory and was a valid exercise of the police power.

It should be stated that in each of the ordinances upon which the above two cases were based there was a provision exempting from its operation those who conscientiously observe the seventh day of the week, instead of the first, as the Sabbath; and that there is no such provision in the ordinance now under consideration. But, in July, 1917, as shown in *State v. Murray,* 104 Neb. 51, the defendant was convicted in Omaha of keeping his shop open and carrying on the business of a barber contrary to chapter 234, Laws 1917, now section 28-940, Comp. St. 1929. That act was complete in itself, referred only to barbers, and contained no exemption to those who chose to observe another day of the week. It was held that the act was not discriminative class legislation.

If the question were new, we might feel more inclined to draw the lines a little more closely than they have been drawn, but our court seems to be committed to a liberal construction of the application of the Constitution to ordinances of this nature. The legislature of the state has delegated to the city the power to legislate by ordinance on

the subject of Sunday closing in any way not in conflict with the federal or state Constitution or with the statute. So long as the ordinances enacted are not violative of the powers given, they are to be overruled or nullified, not by the courts, but by repeal at the hands of those representing the people of the city in their legislative council.

We are of the opinion that the ordinance in question is not invalid under the federal or state Constitution nor contrary to the laws of the state.

The judgment of the district court is

AFFIRMED.