Dooley *v*. City of Cleveland.

(*Knoxville,* September Term, 1939.)

Opinion filed January 20, 1940.

W. E. BENSON, of Cleveland, for complainant.

JAMES L. WOLFE, of Cleveland, for defendant.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

This bill was filed by the complainant to enjoin the enforcement of an ordinance of the defendant City and to have that ordinance declared invalid. The chancellor dismissed the bill and the complainant appealed to this court.

The bill avers that complainant is in the business of manufacturing and selling ice cream; that he sells it from a wagon or truck on the streets of Cleveland, and that he operates under a license authorizing such business from the City. It is further set out that the City passed an ordinance prohibiting the use of any portion of its streets "for a market place or stand or otherwise, by any person, persons, firm or corporation, for keeping for sale and selling any fruits, vegetables, ice cream, or other

refreshments, or any merchandise or other property.''
This ordinance applied only to certain streets within
what was designated as a congested area.

The complainant averred that the area described in the
ordinance was not a congested area and, as we under-
stand, that the ordinance for this reason had no reason-
able basis. It is further charged that the ordinance
worked a discrimination between the rights of the com-
plainant and the rights of other owners of motor vehicles
to park on the streets. It was moreover contended in
the bill that by reason of issuing to complainant a license
to conduct his business, the City was estopped from en-
forcing this ordinance impairing the value of his license
during the currency of that permit.

The foregoing are the principal grounds upon which
the injunction herein prayed was sought.

It is first insisted by the City that, under a familiar
line of cases, the chancery court is without authority to
enjoin the enforcement of a city ordinance. The chancel-
lor thought that by reason of complainant's possession
of a license to conduct this business property rights were
perhaps involved, and he considered the bill on its mer-
its. It appears, however, that the license relied on by
the complainant has now expired and this question is out
of the case.

But waiving the question of jurisdiction, we see no
valid argument that could be urged against the integrity
of the ordinance in the light of the record before us.

A municipal corporation like the City of Cleve-
land, endowed with the usual powers, has very broad
authority over its streets. It is quite generally held that
a municipality may prohibit the sale on its streets of
foodstuffs, meats, and other articles of merchandise.
This is in the interest of the public health, to relieve con-

gestion and promote safety. McQuillan on Municipal Corporations, section 1065, and cases cited. By a zoning ordinance a municipality can exclude the conduct of business enterprises on the abutting lots in a particular section of a city. *Spencer-Sturla Co.* v. *Memphis,* 155 Tenn., 70, 290 S. W., 608. The power to exclude the conduct of business on the streets themselves is clearer. It is to be remembered that no one is entitled to use the highways for gain as a matter of common right. *State* v. *Harris,* 168 Tenn., 159, 76 S. W. (2d), 324; *Hoover Motor Express Co.* v. *Fort,* 167 Tenn., 628, 72 S. W. (2d), 1052.

Regulations such as that before us, applicable to a designated portion of a city only, are not discriminatory and invalid if the exclusion is reasonably required. See *People* v. *Cohen,* 272 N. Y., 319, 5 N. E. (2d), 835. While the bill before us avers that the area affected by this ordinance is not congested, the answer specifically denies this statement and goes into some detail. No proof is taken to support the charge of the bill. Moreover, the finding of the municipal authorities that the area was congested would be entitled to great weight in this court.

We find no error in the chancellor's decree dismissing the bill, and that decree must be affirmed.