STEIL *v.* CITY OF CHATTANOOGA.

(*Knoxville*, September Term, 1940.)

Opinion filed June 28, 1941.

FLETCHER R. MORGAN, of Chattanooga, for plaintiff in error.

J. W. ANDERSON, of Chattanooga, for defendant in error.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

Steil was arrested and fined by the City Judge on the 15th day of October, 1938, for operating a taxicab for hire on the City streets, in violation of Ordinance # 2191, the pertinent portions of which read as follows:

"It shall be unlawful for any person, firm, corporation, association or syndicate to operate any taxicab or automobile for hire on the streets of the City of Chattanooga until the owner or owners of such taxicab have filed with the City Auditor of the City of Chattanooga for each and every taxicab so operated or employed a bond in the sum of Ten Thousand ($10,000.00) Dollars, with good and solvent surety, indemnifying any person or persons, and agreeing to pay any final judgment rendered against

the owner or owners of such taxicab on account of injuries to person or persons or damage to property, or such owner may in lieu of such bond file with the City Auditor a liability insurance policy of some Public Liability Insurance Company authorized to do business in the State of Tennessee covering each and every taxicab. Said policy shall be issued to the person, firm or corporation owning and operating such taxicab, and shall provide for the payment of any final judgment not to exceed the sum of $5,000.00 for injury to one person and not to exceed $10,000.00 for injury to more than one person in any one accident, and of $1,000.00 property damage, that may be rendered against such person, firm or corporation owning and operating such taxicab for injury to person or persons or damage to property who may recover such final judgment.''

Steil appealed to the Criminal Court, where a plea was filed by the defendant, challenging the validity of the ordinance on grounds summarized in the opinion of the trial hereinafter incorporated.

The City joined issue and the case was heard upon the following stipulation of facts:

''It is agreed by and between the parties in the above cause that the defendant, Frank Steil, did on the 15th day of October, 1938, operate or cause to be operated on the public streets and highways of the City of Chattanooga a taxicab without complying with the provisions of Ordinance 2191, a copy of which is attached to and made a part of the warrant in this cause.

''It is further agreed by and between the parties that the copy of the Ordinance No. 2191 is a true and correct copy of said Ordinance as passed on third and final reading by the Board of Commissioners of the City of Chattanooga, Tennessee, on February 23rd, 1937, and

that said ordinance may be considered as proof in this cause.

"Defendant does not deny the violation of the provisions of said ordinance but insists that it is invalid for the reason set forth in his plea to said warrant. The plaintiff, City of Chattanooga, Tennessee, insists that said ordinance is a valid ordinance. Liability insurance may be obtained by the defendant at a cost of $305.00 per year for each cab."

On the 19th day of December following the judgment was affirmed, the following memorandum opinion being filed by the trial Judge and sent up with the record:

"This case is here upon appeal from the City Court of Chattanooga. It is submitted upon agreed statement of facts from which it appears that the defendant, Frank Steil, did, on the 15th day of October, 1938, operate or cause to be operated on the public streets and highways of the City of Chattanooga, a taxicab without complying with the provisions of Ordinance No. 2191, a copy of which is attached to and made a part of the warrant.

"The defendant admits the violation of the ordinance, but in his 'plea' to the warrant insists that it is invalid because,

"(1) In violation of certain provisions of the Federal Constitution, and of the State of Tennessee, (2) because it exceeds the powers conferred on the City by the enabling act, (Section 3 of Chapter 652 of the Private Acts of 1929) (3) because the Ordinance is arbitrary, unreasonable and void, because it requires owners and operators of taxicabs within the limits of Chattanooga to do the impossible, viz.; to furnish a liability insurance policy of some public liability insurance company covering each taxicab, when there is no insurance company au-

thorized to do business in the State of Tennessee which will underwrite such risk or issue such policy.

"The Court thinks that the question thus raised by the defendant has already been decided against him in case of *Bowen* v. *Hannah,* 167 Tenn., 451, 458. [71 S. W. (2d), 672.] And see also *State* v. *Harris,* 168 Tenn., 159 [76 S. W. (2d), 324], *Rutherford* v. *City of Nashville,* 168 Tenn., 499 [79 S. W. (2d) 581], and *Dooley* v. *City of Cleveland,* 175 Tenn., 439 [135 S. W. (2d), 649]. And see the *obiter* in *State ex rel.* v. *Bates,* 161 Tenn., 211 [30 S. W. (2d), 248], later declared to be the law in this State, where appropriate legislative authority has been provided, in *Bowen* v. *Hannah, supra.*

"Accordingly, the judgment of the Court below assessing a fine of fifteen dollars ($15.00) and all costs against the defendant is in all things affirmed."

Counsel, on his brief, "concedes that the City has the right to pass an ordinance regulating the operation of taxicabs and further concedes that an ordinance that requires as a prerequisite to the issuance of a license to the operator of taxicabs, that the owner shall furnish bond to indemnify persons for injury to persons and property that may be inflicted by the taxicabs is reasonable." But, it is insisted that, "the ordinance hereinabove set out is unreasonable and discriminatory in that a Taxi Company, or owner of a taxicab, who elects to execute an indemnity bond is required to give one in the penalty of $10,000.00 and is made liable for the total penalty of the bond in case of accident or injury to person or property; whereas, an Indemnity Insurance Company is only liable for $5,000.00 for the injury to or death of a person, and $10,000.00 in all for injury and death to persons and property." It is said that this identical question has not been heretofore passed on by this Court.

█ The concession of municipal authority frankly made by learned counsel, quoted above, reduces the issues in controversy to a narrow compass and makes it unnecessary to advert a length to the holdings of this Court in *Bowen* v. *Hannah,* 167 Tenn., 451, 71 S. W. (2d), 672, 676, and other cases, wherein very broad powers of regulation, and wide discretion, in the exercise of the police power, are held to be vested in municipalities touching the use of its streets.

Restating the issue, the complaint appears to be that, after lawfully enacting that every taxicab operator for hire must file an indemnity bond in the sum of $10,000, with good and solvent security, an alternative is provided under which, if the taxicab driver so elects, he may file an insurance policy of some authorized Company conditioned to pay a limit of $5,000 for injury to one, or $10,000 for injury to two persons in any one accident, and $1,000 for property damage.

█ Both the requirement for a bond and the provision for insurance in the alternative are applicable alike to all persons operating taxicabs. We can discover no discrimination here between the persons affected by the Ordinance.

It was within the municipal power, conferred by the Legislature, to exact the filing of either a personal surety bond, or a corporate insurance bond. This is clearly deducible from our cases cited by the trial Judge, and to which we have referred, wherein it is held that a "regulation to ensure safety is an exercise of the police power." And where it was said, particularly applicable to the argument made here:

"It is insisted that the requirements in the act for bonds are impossible of compliance, and therefore prohibitive, in effect, of the business, thus depriving the

complainant below of property rights. If such requirements are essential to protection from the danger inherent, then, nevertheless, it is within the police power to prescribe them, since, if the business cannot be safely conducted, it may be prohibited altogether. And this court has recently declared that 'exercise of the police power, otherwise valid and constitutional, cannot be defeated because property rights are taken or destroyed.' *Spencer-Sturla Co.* v. *City of Memphis,* 155 Tenn., [70] 79, 290 S. W., 608, 611. And see *Theilan* v. *Porter,* 14 Lea (82 Tenn.), 622, 52 Am. Rep., 173; *Illinois Cent. R. Co.* v. *Moriarity,* 135 Tenn., [446] 458, 186 S. W. 1053.''

Now, if all in the class dealt with in the regulation are dealt with alike, that is, if identical exactions are made of all taxicab drivers for hire, how can complaint of discrimination be justly made?

That which counsel complains of as discrimination is not between the persons against whom the ordinance is directed, it is a difference in the requirements exacted as between parties who may be called upon or engaged to act as indemnitors, the obligation of the individual, if chosen, being greater than that of corporate surety if it be selected. There are sound reasons of practical import justifying this difference between personal and paid sureties, or indemnitors, but it is not necessary to justify this provision of the Ordinance, since in no way can this be said to discriminate against the plaintiff-in-error, who has his option to select either mode. He has no right to complain because the ordinance grants to him an alternative method, for use at his election.

We do not understand the holding in *Jitney Bus Association* v. *City of Wilkes Barre,* 256 Pa. 462, 469, 100 A. 954, to have application to the facts of the instant case. In that case the ordinance required a surety company

bond and permitted no other form of bond. In the Chattanooga ordinance the limitation complained of in that case does not appear. However, we may add that the holding in the Wilkes Barre case seems to be out of line with our cases and with the weight of authority elsewhere, in so far as it denies the right of a municipality to limit the bond to a surety company obligation.

The judgment is affirmed.