J. W. Kirk et al.

*v.*

P. R. Olgiati et al.

(*Knoxville,* September Term, 1957.)

Opinion filed December 6, 1957.

(1)

McAllester & McAllester, Chattanooga, for appellants.

J. W. Anderson and E. K. Meacham, Chattanooga, for appellees.

Mr. Justice Burnett delivered the opinion of the Court.

The bill in this case was filed under the Declaratory Judgments Act (Title 28-1101, et seq. T.C.A.) seeking to have the Court declare an ordinance passed by the City Commission of the City of Chattanooga unconstitutional and void. This ordinance is one of the Sunday closing ordinances or what is commonly referred to as the Blue Law. The ordinance provides:

"Section 34. Sunday. Suspension of business and sales. It shall be unlawful for any person, firm, corporation, or association operating a general merchandise store, department store, hardware, jewelry, furniture, grocery store, super market, meat market, or other similar establishments in the City of Chattanooga, Tennessee, to open such place or business on Sunday;

or to sell or offer for sale, give away, or deliver any merchandise, groceries, hardware, jewelry, furniture, meat, produce, or other similar commodities or articles, on Sunday.''

Over the protest of various citizens the Commission passed fiinally on March 21, 1957, the above ordinance. Those protesting and others secured petitions, of more than ten thousand signatures on the said petition, requesting the City Commission to reconsider the ordinance and repeal it or refer it to the people of the City to vote on for their approval or disapproval. The City Commission refused to do this because it was their position that filing this petition with the City Auditor, as was done, was not in compliance with the City Charter regulating such matters. Section 3, Chapter 15, Private Acts of 1911.

The bill seeking to enforce this petition, for a declaratory judgment as to the constitutionality of the ordinance, and for injunctive purposes to prohibit those violating the ordinance from being prosecuted was demurred to.

The demurrer in brief stated that there was no equity on the fact of the bill; that the bill sought to enjoin the enforcement of an ordinance passed under the police powers of the City; that it did not appear that the ordinance violated any law or provision of the Constitution of the State; that the ordinance was not arbitrary, discriminatory, unreasonable or invalid; and that the petitions as filed did not comply with Section 3, Chapter 15, Private Acts of 1911, which is a part of the Charter of the City of Chattanooga. The Chancellor sustained the

demurrer and dismissed the bill. From this action the present appeal has resulted. We have heard able argument and have read the briefs and authorities there cited, and others, and now have the matter for disposition.

The City of Chattanooga is authorized under the Charter creating it to enact Sunday closing ordinances. Chapter 536, Private Acts of 1949, Section 2, subsections 15, 34, 50 and 51. Under almost identical provisions as these referred to this Court held in the case of *Mayor, etc., of City of Nashville v. Linck*, 80 Tenn. 499, that the legislative body of the City of Nashville had the power and authority to regulate by ordinance the observance of the sabbath or to prevent its desecration.

As to the feature of the bill praying for an injunction to enjoin the prosecution of anyone violating this ordinance we have very recently held that courts of equity have no jurisdiction to enjoin threatened criminal proceedings. *Spoone v. Mayor & Aldermen of Town of Morristown*, 185 Tenn. 454, 206 S.W.2d 422.

The constitutionality of general Sunday closing laws, which have been enacted in nearly every state, city or town, is no longer to be doubted. Such statutes have been uniformly upheld. *State v. Sopher*, 25 Utah 318, 1 P. 482, 60 L.R.A. 468, 95 Am. St.Rep. 845; *Strand Amusement Co. v. Commonwealth*, 241 Ky. 48, 43 S.W.2d 321; *State v. Haining*, 131 Kan. 854, 293 P. 952; *Stollenwerck v. State*, 201 Ala. 392, 78 So. 454; *State v. Medlin*, 170 N.C. 682, 86 S.E. 597; *Ness v. Ennis*, 162 Md. 529, 160 A. 8; *State v. Diamond*, 56 N.D. 854, 219 N.W. 831; *State v. Nicholls*, 77 Or. 415, 151 P. 473; and many others that

6

could be found, and particularly that of *City of Mt. Vernon v. Julian,* 369 Ill. 447, 17 N.E.2d 52, 119 A.L.R. 747, 752, to which we will hereinafter refer.

■ The main question argued, and ably so, in this case is whether or not this ordinance is unreasonable and arbitrary so as to unconstitutionally discriminate between persons similarly situated.

■ The City Commission of Chattanooga, so long as it comes within the State law, has a wide discretion (as does the Legislature of the State) in determining what shall come within the class of permitted activities and what shall be excluded. *Ness v. Ennis, supra; State v. Diamond, supra; Stewart Motor Co. v. City of Omaha,* 120 Neb. 776, 235 N.W. 332. Or as this Court, speaking through the present Chief Justice, held in *Penn-Dixie Cement Corp. v. City of Kingsport,* 189 Tenn. 450, 225 S.W.2d 270, the necessity and advisability of a City ordinance is for the legislative power to determine and the presumption is that said ordinance is valid and constitutional.

As we said recently in *Cosmopolitan Life Ins. Co. v. Northington,* 201 Tenn. 541, 300 S.W.2d 911, 916, that:

"When the Legislature in its wisdom (the city fathers have the same privilege as long as they are within the State law) has seen fit to enact legislation of this type the courts have consistently felt that under our constitution that this was a matter for the Legislature and one that we should not, unless the Constitution is violated, encroach upon. Here the Legislature has before it facts and things known to them and when it enacts Legislation which is apparently for the pro-

tection of the public safety, or the public health or the public morals. The court in its wisdom should not encroach upon this act or right of the Legislature.''

This same reasoning applies equally to the ordinance passed under the police powers of the Charter of the City of Chattanooga which is now before us.

As said heretofore the principal ground of attack upon this ordinance is that it is discriminatory, arbitrary, and an unreasonable exercise of the police power, because it permits drug stores, curb markets, filling stations and things of that kind to stay open and sell the same goods as grocery stores sell. The people of course that brought this suit are grocers and those primarily interested in grocery stores and the ordinance denies to these people the privilege of opening their stores or selling anything on Sunday.

This well-established principle of constitutional law, that the Legislature may determine what are the proper occasions and subjects for the exercise of police power, is within their province and not within the province of the Court to decide, as to the expediency of the measure enacted unless it is clearly discriminatory and arbitrary.

The Supreme Court of the United States a long time ago in *Metropolitan Casualty Ins. Co. v. Brownell*, 294 U.S. 580, 55 S.Ct. 538, 540, 79 L.Ed. 1070 said:

"It is a salutary principle of judicial decision, long emphasized and followed by this Court, that the burden of establishing the unconstitutionality of a statute rests on him who assails it, and that courts may not declare a legislative discrimination invalid unless,

viewed in the light of facts made known or generally assumed, it is of such a character as to preclude the assumption that the classification rests upon some rational basis within the knowledge and experience of the legislators. A statuory discrimination will not be set aside as the denial of equal protection of the laws if any state of facts reasonably may be conceived to justify it.'' Citing authorities.

We said in the Spoone case, *supra* [185 Tenn. 454, 206 S.W.2d 425], that:

''For an ordinance to be discriminatory in the sense here spoken of it must discriminate between persons in a like situation, i.e., when persons engaged in the same business are subject to different restrictions or given different privileges under like conditions. *Steil v. City of Chattanooga,* 177 Tenn. 670, 152 S.W.2d 624.''

There are of course, in more recent times, a line of cases such as *City of Mt. Vernon v. Julian, supra,* which is annotated in 119 A.L.R. 747, that take the position because a drug store might sell some of these things that the grocers or these others sell then that the Act is discriminatory and unconstitutional. The Supreme Court of North Carolina answers this argument of the Illinois case, and others that hold to the same effect, in the case of *State v. Towery,* 239 N.C. 274, 79 S.E.2d 513, 515, appeal dismissed 347 U.S. 925, 74 S.Ct. 532, 98 L.Ed. 1079, in the following language:

''It would seem that the reasoning of the Illinois Court ignores the right of a municipality in adopting a Sunday closing ordinance to discriminate as between classes, *State v. Trantham,* 230 N.C. 641, 55 S.E.2d 198,

but instead makes the question of competition or the right generally to conduct a business the determinative factor.''

Then that Court in part quoted from the Trantham case thus:

'' 'They may prescribe different regulations for different classes, and discrimination as between classes is not such as to invalidate the legislative enactment. (Citing authority). The very idea of classification is inequality, so that inequality in no manner determines the matter of constitutionality. *Bickett v. State Tax Commission,* 177 N.C. 433, 99 S.E. 415; *Atchison, T. & S. F. R. Co. v. Matthews,* 174 U.S. 96, 19 S.Ct. 609, 43 L.Ed. 909. The one requirement is that the ordinance must affect all persons similarly situated or engaged in the same business without discrimination. *City of Springfield v. Smith,* 322 Mo. 1129, 19 S.W.2d 1.' ''

This is exactly what we held in *Spoone v. Mayor & Aldermen of Town of Morristown, supra,* and what we are attempting to apply here. The North Carolina Court makes this further observation which is pertinent here:

''He falls into error in undertaking to make competition as between classes the test rather than discrimination within a class.''

To say the least there is a rather sharp line of demarcation between the two classes of cases. As we read those cases holding that an act of the kind herein is unconstitutional, arbitrary and discriminatory, the courts there more or less assume the prerogative of the legislative

body who enacts this. Clearly under our authorities, above referred to, the Court has no such authority.

It is argued that the ordinance in question is contrary to the general law of the State affecting Sunday as contained in Title 39-4001, T.C.A. This Section of the Code is the law of the State and makes one guilty of "exercising any of the common vocations of life, * * * on Sunday", a violation of the State law and subjects that person, if convicted before a justice of the peace, to a fine of $10, one-half of which shall go to the person prosecuting or furnishing the evidence. In recent years particularly, there seems to be a growing desire on the part of many individuals, who are engaged in commercial enterprises, to completely ignore the observance of Sunday as a day of rest. This statement certainly applies generally to the observance of the Statute last above referred to. That is not the question here. The question argued here is that the present ordinance, quoted above, is in conflict with this statutory law and is therefore unconstitutional and cannot be enforced. A municipal corporation has the power to enact and enforce these Sunday observance ordinances, as we said above, so long as they are not beyond or broader than the State law. Clearly this ordinance is not in conflict with the State law as the State law prohibits the exercise of any of the common vocations of life. This ordinance merely restricts certain named vocations and does not attempt to in any way single out some of one vocation and some of another but lists a group of vocations or businesses and bans all in that category or known as such not to open for business on Sunday. We see no conflict between the two laws.

We have dealt with a provision of the Chattanooga Charter in reference to contesting an ordinance in the opinion furnished to counsel but are not publishing it because it is purely local.

We have enjoyed working on this lawsuit. It has been rather interesting to us. It is true that there are many cases on both lines of the proposition of whether or not an ordinance of the kind is arbitrary in discriminating against someone. Questions of this kind have been litigated from the beginning of our judicial history and it is found in the reported cases that the justices have gone one way or the other. Our feeling though is that if this distinction is kept in mind, that when the Legislature within its powers and under the rules and maxim hereinbefore set forth as to its rights are adhered to, then if the Legislature just classifies all grocers in one class and does not make any distinction between those classes that then the Act is constitutional. As soon as we get into the proposition of saying, ''Well the Justice who has the opinion to write, or someone says, well I know a place in my town where another kind of a store sells that same kind of thing'', if you get into that kind of a situation we are naturally getting into the field that the City fathers or the Leigslature has priority and the one that should act. It is a legislative field as the Legislature is in touch with the people and can pass or repeal such Acts under the police powers of the City as are reasonable and not discriminatory against some other one in the same classification. This being true we must affirm the decree of the Chancellor for the various reasons hereinbefore set forth.